GEORGE W. HOWELL, *doing business as Howell Bros.*, v. A. H. SCOTT, *as Sheriff of Washington County.*

1. PERSONAL PROPERTY, *Sold after Time for Listing — Tax, Who to Pay.* The person who owned certain personal property on the 1st day of March, 1886, was under a legal obligation to list such property for taxation for the year 1886, when called upon by the assessor to do so, and to pay the taxes thereon, notwithstanding he sold and transferred the same on the 8th day of March, 1886.

2. VENDOR *to Pay Tax — Purchaser, Entitled to Injunction.* A stock of merchandise that had been in the county during the entire preceding year, was sold and transferred on the 8th day of March, 1886. Thereafter the purchaser was assessed, and a tax warrant issued, under which the sheriff threatened to levy on the property. *Held,* That the purchaser was not liable, under ¶ 6864, General Statutes of 1889, to pay the taxes levied on such property, it being the duty of the vendor who owned the property on the 1st day of March, 1886, to list the same for taxation; and that the purchaser was entitled to an injunction restraining the levy of the tax warrant.

*Error from Washington District Court.*

THE opinion states the case.

*Smith & Solomon,* for plaintiff in error.

*S. H. Hamilton,* county attorney, for defendant in error.

Opinion by SIMPSON, C.: The plaintiffs in error, Howell Bros., brought this action in the district court of Washington county to perpetually enjoin the levy of a tax warrant issued to the sheriff of that county on certain lumber, and other per-

sonal property belonging to the plaintiff in error. The case was tried by the court, and conclusions of fact and of law were made as follows:

"On the 8th day of March, 1886, C. F. Allen was engaged in the lumber business, and had lumber yards at the city of Washington, in Washington township, and at Morrow, in Mill Creek township, in Washington county, Kansas. Said Allen had been running and operating said yards at said places for more than one year prior to March 1st, 1886. On the 8th day of March, 1886, said C. F. Allen sold both of said lumber yards and all the lumber therein to George W. Howell, doing business under the firm-name and style of Howell Brothers, for the sum of $15,951.83, taking therefor three notes of Howell Brothers for the sum of $5,217.27 each, payable in four, five and six months respectively, and on March 8, 1886, Allen turned over to the plaintiff the lumber in said yards; said yards were bought by Howell to be conducted as retail lumber yards, and have so been run by him ever since. Before March 8, 1886, neither Howell Brothers nor Geo. W. Howell owned personal property in Washington county. On the 22d day of April, 1886, one Hayes was managing the Washington yard, and when asked by the assessor to make out a statement for Howell Brothers covering the average amount of merchant's stock for the preceding year, he objected, and told the assessor that Howell Brothers owned no lumber or other personal property in Washington county on the 1st day of March, 1886, or theretofore. The assessor told Hayes to make out the statement anyway, and if the tax was wrong it would be fixed, or words to that effect. Thereupon Hayes made out a personal-property statement in words and figures following, to wit:

[Prescribed schedule of statement, except so far as material, omitted.]

|  | Number. | Assessed dollars. |
|---|---|---|
| Horses six months old and over | 4 | 115 |
| Average amount of merchant's stock for preceding year, $6,000 actual value | ......... | 3,000 |
| Aggregate value of all other personal property, $800 actual value | ......... | 266 |
| Total amount | ......... | 3,381 |

"On April 22, 1886, the above statement was duly subscribed and sworn to by Hayes as manager for Howell Bros.

"The statement of the Morrow yard was made under simi-

lar circumstances to the assessor of Mill Creek township, but the average amount of merchant's stock for the preceding year and other personal property was less. The amount of personal taxes assessed to Howell Brothers in Washington township for the year 1886 was $197, and the penalty and fees were $6.40. The amount of personal taxes assessed to Howell Brothers in Mill Creek township for the year 1886 was $21, and the penalty and fees $1.13. Upon the failure of the plaintiff to pay said taxes and penalties, execution or tax warrants were issued in due form at the proper time against the plaintiff, and were placed in the hands of the defendant for service, and he was proceeding, as sheriff of Washington county, to take possession of the plaintiff's lumber, under the same, in Washington county, where this action was brought. C. F. Allen, from whom the plaintiff bought said lumber yards, left the state immediately after the sale, and has not been a resident of Kansas since. The plaintiff got the money to pay for said lumber yards, and to pay said notes, from S. R. Howell and H. N. Jewett, then composing the firm of Howell, Jewett & Co., said firm letting plaintiff have the money upon an indebtedness existing from Howell, Jewett & Co., to George W. Howell, not shown to be listed anywhere for taxation. Said Howell, Jewett & Co. at the time were doing business at Atchison, Kansas, and had a bank account in Chicago and Omaha, and said Jewett lived in Omaha, and S. R. Howell in Chicago; they did a jobbing lumber business at Atchison, Atchison county, Kansas, in 1885 and 1886, and listed their personal property for taxation in Atchison county in those years as follows: 1885, $8,980; 1886, $8,390. They carried on lumber business at no other place than at Atchison, Kansas. The above and foregoing show all the proceedings had to list, assess or collect personal tax from the plaintiff doing business as Howell Brothers for the year 1886."

At the June term, 1888, on these facts the trial court concluded as a matter of law, that the plaintiff in error was not entitled to an injunction restraining the levy of the tax warrant on his property.

The sole question here is whether the property was taxable as the property of George W. Howell, he having bought the same on the 8th day of March, 1886. The tax laws (Gen. Stat. of 1889) bearing on this question are as follows:

"(6857.) Sec. 11. All property shall be listed and valued

as on the first day of March, in the year in which the same is assessed, and the transfer or sale of any taxable personal property subsequently to the first day of March shall not authorize any person to omit the same from his list, although such list be not made until after the sale or transfer of such property; but all such property shall be listed for taxation in the same manner as if no such sale or transfer had been made. . . ."

"(6862.) STATEMENT. Sec. 16. Every person, company or corporation who shall own or hold, subject to his control, any personal property within this state which shall have been purchased with a view of being sold at an advanced price or profit, or which shall have been consigned to him for the purpose of being so sold, shall be held to be a merchant; and when such person shall be required, according to the provisions of this act, to make and deliver to the assessor a statement of his personal property, he shall include in such statement the value of the personal property appertaining to his business as a merchant; and in estimating the value of such property, he shall estimate the average value of such articles of personal property which he shall have had in his possession or under his control during the year next preceding the first day of March preceding the time of making such statement, or during that portion of said year which he may have been engaged in said business.

"(6863.) AVERAGE VALUE. Sec. 17. In order to arrive at the average value of such property, he shall estimate the amount on hand as nearly as may be, in each month in the preceding year, or such portion thereof as he may have been engaged in such business, then add the several monthly estimates, and divide the aggregate by the number of months he may have been engaged in business. No consignee shall be required to list for taxation any property consigned to him for the mere purpose of being forwarded.

"(6864.) REPORT TO COUNTY CLERK. Sec. 18. Every person, company or corporation, who shall commence merchandising, trading or freighting in any town, city or village in this state, after the first day of March and before the first day of November in any year, and the value of whose personal property, so employed, shall not have been listed for taxation in any other county in this state, shall report under oath, to the clerk of the county in which such person, company or corporation is engaged in business, the probable amount of the average value of personal property intended by such person,

company or corporation to be so employed; and such amount shall be entered by said clerk on the assessment roll of the county in which such business may be carried on, and such property shall be taxed the same as if the same had been returned by the proper assessor.

"(6865.) FAILURE; FORFEITURE. Sec. 19. If any person, company or corporation shall commence merchandising, trading or freighting, as designated in the foregoing section, and shall not, within one month thereafter, report in accordance with the requirements of section sixteen of this act, such person, company or corporation shall forfeit and pay four per cent. on the value of the personal property by him or them employed; and the value of such property shall be ascertained by the testimony of witnesses called by the treasurer of the county in which such business may be carried on. And the said forfeiture shall be collected by such treasurer, by a suit before any justice of the peace or court having jurisdiction thereof; and when such forfeiture shall be collected, the amount shall be distributed in the same proportion as other taxes: *Provided*, It shall be the duty of said treasurer to notify such merchant of the above requirement of law, at least ten days before the commencement of such suit.

"(6866.) MANUFACTURER, WHEN. Sec. 20. Every person, company or corporation who shall hold or purchase personal property for the purpose of adding to the value thereof by any process of manufacturing, refining, or by the combination of different materials, shall be held to be a manufacturer, and when such company or corporation shall be required to make out a statement of other personal property for taxation, he or they shall state the average amount of all articles purchased or held for the purpose of being used in such process of manufacturing, refining or combining which he or they shall have had on hand during the year next preceding the first day of March preceding the time of making such statement, which amount shall be ascertained by estimating the amount of such property on hand in each month of the preceding year, or such portion thereof as he or they may have been engaged in such business, then add the several monthly estimates, and divide the aggregate by the number of months he or they have been engaged in such business, and such statement shall be verified on oath, as required in other cases."

It seems to us that the plain intent of the legislature as manifested by ¶ 6857 of the tax law is, that all personal property

in the state shall be listed for the purposes of taxation by the owner thereof on the first day of March in each year; that it is the duty of each owner to list the property he owns on the first day of March, for this section expressly provides, "That the transfer or sale of any taxable personal property subsequent to the first day of March shall not authorize any person to omit the same from his list, although said list be not made until after the sale or transfer of such property." It is plain from this statute that it was the duty of Allen to list this lumber and other personal property whenever called upon by the assessor, as of the 1st day of March, 1886, the same being at that time his property. By no possible construction of this section of the tax law can it be said that it was the duty of Howell Bros. to list this specific personal property for taxation. It is equally certain that the duty of listing this property was imposed upon Allen. The only other question remaining is whether or not there is any other provision of the tax law requiring the owner of personal property who purchased it after the 1st day of March, such property having been in the county and owned by some other person prior to that time, to list it for taxation, the previous owner having failed to do so. It is claimed by the county attorney that Howell Bros. were merchants within the meaning of ¶ 6882 of the tax law as contained in the General Statutes of 1889, and consequently by that paragraph and by that of 6864 it was their duty to list. The rule established by ¶ 6857, "That all property shall be listed and valued as on the 1st day of March in the year in which the same is assessed, and the transfer or sale thereafter shall not authorize the owner on the 1st day of March to omit the same from the list," is a general one, and applies to all personal property of every kind and nature. ¶ 6862 defines a merchant, and provides that he shall list the average value of the stock in trade during the preceding year. ¶ 6863 provides how this average value for the preceding year shall be ascertained. ¶ 6864 provides that every merchant who shall commence business after the 1st day of March and before the 1st day of November, and who shall not have

listed his personal property in any other county in the state, shall report the same to the clerk of the county, etc. This paragraph provides for the taxation of a merchant's stock that has been shipped into the county from another state, or from some other county in the state, and has not been listed in the county from which it has been removed; but in our judgment it has no application to a stock of merchandise that has been in the county of Washington during all of the preceding year, and was subject to taxation under the general provisions of the tax law, and whose owner on the first day of March, 1886, was under a legal obligation to list it.

Regarding this as the construction of these various parts of the tax law, it follows that Howell Bros. were not required to list this specific personal property for taxation for the year 1886, and that the trial court erred in its legal conclusion. Accepting the findings of fact made by the trial court as conclusive, the case is reversed, and remanded with instructions to the court below to grant the injunction restraining the levy of the tax warrant.

By the Court: It is so ordered.

All the Justices concurring.