## James P. Kerwood v. R. S. Ayres.

### No. 8834.

GENERAL DENIAL IN TROVER—*puts plaintiff's title in issue.*   Under a general denial in an action for damages for the conversion of personal property, the defendant is not limited to evidence of controverting the conversion charged, but may impeach, as fraudulent or otherwise unfounded, the plaintiff's claim of title to the property.

Error from Anderson District Court.   A. W. Benson, Judge.   Opinion filed May 7, 1898.   *Affirmed.*

*W. A.* and *J. G. Johnson,* for plaintiff in error.

*Noah L. Bowman,* for defendant in error.

DOSTER, C. J.   The defendant in error, as sheriff, levied an attachment upon certain goods as the property of one W. L. Denny.   The plaintiff in error, claiming ownership of the goods by purchase from Denny, brought an action against the sheriff for damages for their conversion.   The petition, however, did not characterize the act of conversion as performed by

the defendant in his official capacity. To this petition only a general denial was filed by way of answer. The jury found in defendant's favor; judgment was rendered in accordance with the verdict, and the plaintiff prosecutes error to this court.

On the trial the District Court, over the plaintiff's objections, received evidence tending to show that the claim of purchase of the goods from Denny was fraudulent. The admission of this evidence constitutes the principal ground of complaint. The argument is that, in actions for damages for conversion of goods, affirmative defenses, such as justification, or impeachment of plaintiff's title, are not admissible under a general denial; that under such denial the defendant is limited to evidence of controverting the charge of conversion. The plaintiff in error is mistaken. The rule is the same in actions for conversion as in replevin. According to repeated decisions of this court, the filing of a general denial in the last mentioned class of actions fully puts in issue the plaintiff's title to the property claimed. *Wilson v. Fullev,* 9 Kan. 176; *Holmberg v. Dean,* 21 Kan. 73. The courts apply the same rule in actions for conversion.

"A general denial traverses not only the conversion, but also the plaintiff's title, and hence a defendant may under such a pleading show the sources from which he claims title or that he has no title; or that the property belonged to a third person who transferred it to the plaintiff without consideration and with intent to cheat the third person." Kinkead's Code Pleading, vol. 1, § 474.

In *Eureka Iron & Steel Works v. Bresnahan* (66 Mich. 489), the Supreme Court of that state said:

"We are cited by the plaintiff's counsel to the general rules of practice of 4 Wm. IV (1833), as authority for their position that the general issue in trover is a denial of the conversion only, and not of plain-

tiff's title to the goods.   But these rules have not been adopted into our practice, and the general issue in this State, as formerly in England, puts the whole declaration in issue.   To entitle the plaintiff to recover two points are essential to be proved : *First*, property in himself, and a right of possession at the time of conversion and *second*, a conversion of the goods by the defendant to his own use.   And under the general issue the defendant may prove by any competent evidence that the title to the goods was in himself, either absolutely as general owner, or specially as bailee, or by way of lien.''

Other claims of error are made.   They relate to the admission of certain other evidence in defendant's behalf, to the cross-examination of some of the plaintiff's witnesses, and to an instruction of the court.   None of them, however, are tenable.   No error is shown in the record, and the judgment of the court below is, therefore, affirmed.