M. L. CAMPBELL v. MEYER BROTHERS DRUG COMPANY.

No. 295.

1. EVIDENCE—*Examined, and Held Sufficient*.  The evidence examined, and *held*, sufficient to warrant the instructions given.

2. PLEADING AND PRACTICE—*Action for Conversion—General Denial*.  "In actions for damages for the conversion of personal property, the defendant, under a general denial, is not limited to counter-evidence of the conversion charged, but may impeach the plaintiff's claim of title to the property as fraudulent or otherwise unfounded." (*Kerwood v. Ayres*, 59 Kan. 343, 53 Pac. Rep. 134.)

Error from Osage district court; WILLIAM THOMSON, judge.  Opinion filed August 18, 1898.  Affirmed.

THIS was an action for conversion begun in the district court of Osage county by the defendant in error, Meyer Brothers Drug Company, against M. L. Camp-

bell, the plaintiff in error.    The plaintiff below set up two defenses:    (1)  A general denial;  (2)  estoppel. The court instructed the jury to find for the plaintiff.

*Robert C. Heizer*, for plaintiff in error.

*Pleasant & Pleasant*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.:  We have examined the admissions and evidence and concur with the conclusions reached by the trial court.

It is contended that the trial court erred in sustaining the objection to the introduction of evidence under the second defense in the defendant's answer.

The record recites the following :

"The plaintiff objects to any evidence under the second count in the defendant's answer because it does not state facts sufficient to constitute a cause of defense, which objection was sustained, to which ruling of the court the defendant saved an exception."

Whatever may be said of the ruling of the court, it is clear that the defendant could have introduced testimony tending to prove any defense he might have, under his general denial.    This he did not attempt to do.    The rule is the same in actions for conversion as in replevin.    Our supreme court in the case of *Kerwood v. Ayres*, 59 Kan. 343, 53 Pac. Rep. 134, says :

"In actions for damages for the conversion of personal property, the defendant, under a general denial, is not limited to counter-evidence of the conversion charged, but may impeach the plaintiff's claim of title to the property as fraudulent or otherwise unfounded."

No error sufficient to require a reversal of the case appears in the record.    The judgment of the district court is affirmed.