# Kansas City, Memphis & Birmingham Railroad Co. *v.* Wagand.

*Action against Railroad Company to recover Loss of Mule.*

1. *Action against railroad company for loss of mule; when inference of negligence can be drawn; charge to the jury.*—In an action against a railroad company to recover for the loss of a mule, where the plaintiff alleges that the defendant "by its servants and employes did carelessly and negligently run one of its trains upon and against a mule owned by the plaintiff," etc., and it is shown that the engineer saw the mule when he was 500 or 600 feet away from him; that the train attached to his engine was heavily loaded with freight and was running down grade at a rate of 20 miles an hour, such evidence affords an inference of the negligence of the

[Kansas City, Memphis & Birmingham Railroad Co. v. Wagand.]

servants and employes of the defendant, although the engi-
neer and others of the train-men testified that they were
keeping a vigilant lookout and after seeing the mule on the
track they did everything possible to ·prevent the accident by
checking the speed of the train, etc.; and in such case the
question of negligence is properly left to the jury.

2. *Same; same; same.*—In such a case, without evidence that the
engineer was alone charged with the duty of keeping a vigi-
lant lookout and to stop the train, the jury has the right to
consider any fault in respect of this duty in the conduct of
the fireman, as well as in that of the engineer.

3. *Action of trover; can not be maintained when owner has aban-.
doned title to property converted.*—The owner of personal
property may divest himself of title thereto by abandonment,
where at the time of such abandonment he intends to relin-
quish his property rights; and after such abandonment, he
can not subsequently maintain an action of trover for the al-
leged wrongful conversion of the property against one who
thereafter assumes ownership of it.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This action was brought by the appellee, C. H. Wagand,
against the appellant, to recover damages for the loss
of a mule; plaintiff claiming $150.

In the first count of the complaint the plaintiff sued
to recover in an action on the case for the negligence of
the defendant or its employees, and the negligence as
alleged therein was as follows: "Plaintiff avers that
at the time aforesaid the defendant was filling in a
trestle at or near Coal creek, in Jefferson county, Ala-
bama, and on the line of said railroad, and while
he was engaged in said work, the defendant, by its ser-
vants and employees, did carelessly and negligently run
one of its trains upon and against a mule owned by plain-
tiff and did thereby bruise, maim and injure said mule
to the plaintiff's damage as aforesaid." The other counts
of the complaint and the circumstances of the accident
are sufficiently stated in the opinion.

It was shown that the train which was attached to the
engine that caused the accident was a freight train; that
just before the accident the train was coming around a
curve, which was 500 or 600 feet away from the place of
the accident, and it was running at the rate 20 miles an

hour and was heavily loaded; that from said curve to the place of the accident was a down grade. The engineer who was in charge of the engine testified, as a witness for the defendant, that he saw the plaintiff and his team on the track as soon as he came around the curve; that he did all things in his power and everything that could be done by a skillful engineer to prevent the accident; that it was not possible at the speed the train was going to stop it, after the mule was seen, before the train reached the place of the accident. The other facts of the case are sufficiently stated in the opinion.

The defendant requested the court, among others, to give to the jury the following written charges, and separately excepted to the court's refusal to give each of the said charges as asked: (1.) "If you believe from the evidence that the engineer in charge of the train was guilty of no negligence, your verdict can not be for the plaintiff under the first count of the complaint." (3.) "If you believe the evidence, you can not find for the plaintiff under the first count of the complaint." (4.) "If you believe the evidence, you can not find for the plaintiff under the second count of the complaint."

There were verdict and judgment for the plaintiff, assessing his damages at $125. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & PORTER, for appellant.—An action for conversion will not lie when the taking and conversion of the property is with the knowledge and consent of the plaintiff."—*Townsley v. Board of Education,* 40 N. W. Rep. 509.

No counsel marked as appearing for appellee.

SHARPE, J.—Being employed by defendant's contractor, plaintiff was using his team to draw a wheeled scraper on a high part of defendant's road-bed when a train came around a curve and into sight five or six hundred feet away. Plaintiff turned the team off the track, but a wheel of the scraper was struck by the train

and as a result of the jerk, or in some other way, the train also struck one of the mules, breaking a bone of its hip. Afterwards plaintiff told defendant's section foreman he would not do anything with the mule, or anything for it, and did not want it; that if it lived it would still be crippled and that it would be better "to kill it out of its misery." The foreman then told plaintiff to lead the mule over the hill and he would kill it or have it killed. Thereupon, plaintiff carried the animal to the place so designated, left it there, and there is nothing to show he ever afterwards did anything for or with it. The next day after plaintiff so left, the mule the section foreman, claiming to have authority from his company to do so, sold the mule for $5 to a third person who subsequently cured and kept it.

In his complaint the plaintiff counts first in case, second in trover and third for a willful injury to the mule; but as to the latter count the jury were charged affirmatively for the defendant.

1. Though defendant's servants who were running the train may not have known the road work was in progress, they were under the general duty to keep a lookout in order to avoid injury to stock whether trespassing or rightfully on the track; and since plaintiff was using his team rightfully he is in position to complain of any failure to keep such lookout, as well as of any neglect of the further duty which rested on defendant to use diligent efforts to avoid injury to the team after its perilous position was discovered. The space over which the train had to pass before reaching the team after it came within range of the trainmen's vision, together with the train's velocity at the place of the accident, were circumstances in evidence which may have afforded an inference opposed to testimony of defendant's witnesses concerning both the lookout and the efforts made at checking speed, and, therefore, the question of negligence was properly left to the jury.

2. Without evidence that the engineer was alone charged with those duties, especially that of looking ahead, the jury had the right to consider of fault in the the conduct of the fireman as well as of the engineer.

3. The owner of personal property may divest himself

[Mitchell, Judge, etc. v. State *ex rel.* Florence Dispensary; and Powers v. Mayor and Aldermen of the City of Florence.]

of title by abandonment; and after doing so he cannot maintain a trover against one who thereafter assumes the ownership.—*Wyman v. Hurlburt*, 12 Ohio, 81; 40 Am. Dec. 461; 1 Am. & Eng. Ency. Law, 2. This can be only where the owner has intended to relinquish his property rights; and where the evidence on the point is conflicting or leaves room for contrary inferences, the question of abandonment *vel non* is for the jury. Here, however, the evidence is without conflict and the plaintiff's declarations and conduct above referred to, lead solely to the conclusion that the plaintiff both entertained and carried out the intention of abandoning his property in the animal. In view of such proof defendant was entitled to have the jury charged upon the assumption that the plaintiff had no interest in the animal when the suit was brought, and, therefore, no right to recover under the second count of the complaint. For the refusal of charge 4 requested by defendant, the judgment must be reversed and the cause remanded.

Reversed and remanded.