## J. W. STREET v. A. W. MORGAN.

### No. 12,280.   (67 Pac. 448.)

#### SYLLABUS BY THE COURT.

1. REPLEVIN—*Pleading.* In replevin a general denial closes the issues, and entitles the defendant to prove every fact tending to show that the plaintiff cannot maintain the action against him.

2. ———— *Effect of Additional Averments in the Answer.* Additional averments in the answer, that the defendant is entitled to the possession of the property because he is the owner thereof, and for the further reason that the property had been delivered to him by an officer who seized it in another replevin action between the same parties, do not enlarge the issues nor make a reply to the answer necessary.

Error from Greenwood district court; C. W. SHINN, judge. Opinion filed January 11, 1902. Affirmed.

*Redden, McKeever & Hayden,* for plaintiff in error.

*L. H. Johnson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin brought by A. W. Morgan against J. W. Street to recover the possession of cattle alleged to have been wrongfully taken and detained by the latter. The answer of Street was a general denial; and he also averred that he was the owner and entitled to the possession of the cattle; and that in an action of replevin previously brought by him, the cattle, with others, were taken and delivered to him, which action was still pending. No reply was filed by the plaintiff, and the defendant, without avail, insisted that for the lack of reply the issues were not closed and no testimony in behalf of the plaintiff was admissible.

In replevin a general denial closes the issues and

puts the plaintiff to proof of every fact material to the maintenance of his action. Under it the defendant can prove every fact which goes to show that the plaintiff never had a cause of action against him. Since any defense to an action of replevin, either in bar or in abatement, may be proved under a general denial, a reply was wholly unnecessary. The additional averments in the answer, that the defendant was the owner of the cattle, and was entitled to the possession of them for that reason as well as because they had been delivered to him by an officer who seized them in another action, are only another form of denial. In a certain sense it is an argumentative denial of the plaintiff's right to possession, which did not enlarge the issues nor open up the case for proof not admissible under the general denial. (*Wilson v. Fuller*, 9 Kan. 176; *Yandle v. Crane*, 13 id. 344; *Russell v. Smith*, 14 id. 366; *Bailey v. Bayne*, 20 id. 657; *Holmberg v. Dean*, 21 id. 73; *Kennett v. Fickel*, 41 id. 211, 21 Pac. 93; *DeFord v. Hutchinson*, 45 id. 318, 25 Pac. 641, 11 L. R. A. 257; *White v. Gemeny*, 47 id. 741, 28 Pac. 1011, 27 Am. St. Rep. 320.) The case last cited is particularly applicable to the one in hand. The plaintiff there filed an ordinary petition in replevin, and the defendant's answer was a general denial, and also that the property was taken and held by him on legal process. No reply was filed to the answer, and the defendant moved for judgment on the pleadings, and it was held:

"All of his answer, therefore, except his general denial, was wholly unnecessary, and, being unnecessary, required no reply. If the defendant, under the general denial, could have shown that he took the property as an officer, under legal process, the plaintiff could without a reply rebut the effect of such proof by

showing that the property taken was exempt.''   See,
also, *Kerwood v. Ayres,* 59 Kan. 343, 53 Pac. 134.

No error was committed in refusing the continuance
applied for by the defendant, and we see no reason
for disturbing the judgment of the trial court.   It will
therefore be affirmed.

DOSTER, C. J., SMITH, GREENE, JJ., concurring.