EZRA D. HALL *et ux.* v. WILLIAM M. DAVIDSON *et al.*
No. 14,473.    (84 Pac. 556.)
SYLLABUS BY THE COURT.

EJECTMENT AND PARTITION — *Statement by Counsel —Withdrawal of Defense of Ownership from the Jury.* It is only where a statement or admission made to a jury will, as a matter of law, preclude a party from recovering upon his cause or defense that a court has authority to withdraw such cause or defense from the jury. *Held,* in this case, that the statement and admissions of the plaintiffs in error did not as a matter of law preclude them from recovering upon their defense of ownership.

Error from Cherokee district court; WILLIAM B. GLASSE, judge. Opinion filed February 10, 1906. Reversed.

*Tracewell & Moore,* and *Skidmore & Walker,* for plaintiffs in error.

*C. A. McNeill,* and *C. D. Ashley,* for defendants in error.

Hall v. Davidson.

The opinion of the court was delivered by

GREENE, J.:   William J. Hall died testate, having devised his property in equal proportions to his children, Ezra D. Hall, George Hall, William H. Hall, Benjamin Hall, and Griffith Hall, and his grandson, William M. Davidson, who was the only child of Sarah J. Davidson, a daughter of the testator who died before the will was executed.   The grandson, William M. Davidson, who was the plaintiff in this case, had prior to the suit purchased the one-sixth interest of Griffith Hall, and thus claimed to be the owner of one-third of the property.   At the time of his death William J. Hall held the legal title to the north one-half of the southwest quarter of section 16, in township 34 south, of range 24 east of the sixth principal meridian, in Cherokee county, Kansas.   Davidson began suit in partition against all of the defendants except Ezra Hall and his wife, and as to them his suit was ejectment, partition, and for rents and profits.   For the purpose of deciding the question presented by this proceeding it may be said that all of the defendants except Erza D. Hall and his wife, Sarah, admitted the allegations of the petition and joined with the plaintiff in his prayer for relief.   Ezra D. Hall, in his cross-answer, denied all the allegations of the cross-petitions of the other defendants, and in his answer to the plaintiff's petition stated: ·

"That on July 21, 1884, William J. Hall, in consideration of love and affection, transferred and conveyed to this defendant, by parol gift, the real estate above described; that this defendant then and there, under and by virtue of said gift, and with the knowledge and consent of said William J. Hall, took possession of said premises, and continued to hold the open, notorious and exclusive possession thereof, without any adverse claims thereto, for more than fifteen years, to wit, until March 28, 1900, when he, by warranty deed, transferred and conveyed said real estate to Sarah Hall; that during said fifteen years and more

of possession and occupancy of said premises, by this defendant, as aforesaid, this defendant made valuable, permanent and lasting improvements on said premises, and paid the taxes thereon; and during all of said occupancy of said premises this defendant was the owner in fee simple of said real estate, and the said William J. Hall during said time had no right, title or interest in and to said land, nor the right to possession thereof."

Sarah Hall in her answer restated the facts substantially as they were recited in the answer of her husband. The facts stated in the answers and cross-answers were put in issue by proper pleadings by all of the other parties. After a jury had been impaneled to try the issues of fact the parties made the following admissions:

"It is admitted by the parties to this action that William J. Hall, deceased, became the owner of the land in controversy, to wit, the north half of the southwest quarter of section 16, township 34, range 24, in Cherokee county, Kansas, on the 21st day of July, 1884, and that the records in the office of register of deeds of Cherokee county, Kansas, show the title in said real estate to be in William J. Hall, deceased, from said July 21, 1884, until the time of his death, which was on April 29, 1900, except during the time that James H. Boyce held a tax deed on said real estate, from September 12, 1894, until January 24, 1895, when he conveyed the same to William J. Hall by a quitclaim deed."

The court then said:

"In addition to the facts agreed on by the attorneys in this case the court states further that in the statement of this case to the jury by Mr. Tracewell it was stated that Ezra D. Hall consulted with John N. Ritter, who was a former member of this bar, but is now deceased, and who advised him to procure Mr. Boyce to make a deed of the premises to his father instead of to him; and he got Mr. Boyce to make a deed to his father, William J. Hall.

"And now the court upon the admitted facts in the statement just recorded holds that prior to and at the time of his death the legal title to the land in contro-

Hall v. Davidson.

versy was in William J. Hall, and that the ownership thereafter went to his heirs by the force and effect of his will, and denies to the defendants the right to submit to the jury the question as to whether William J. Hall gave to the said Ezra D. Hall the lands in question in 1884, or at any time thereafter prior to the execution of the deed from Mr. Boyce to William J. Hall, and holds the only questions there are here for trial to be the question of rents and profits, as stated in the second count of plaintiff's petition, and the action of partition, as stated in the third count of plaintiff's petition; and the matter of partition is for the court to try, and will be tried by the court."

Upon the issues remaining a judgment was rendered against the plaintiffs in error as in ejectment, partition, and for rents and profits.

Complaint is made that the court erred in withdrawing from the consideration of the jury, and in refusing to try, the issue of ownership presented by the answers and cross-answers of the plaintiffs in error. The plaintiffs in error pleaded in their answers and cross-answers that they had paid all of the taxes from the time they had gone into possession. The statement of their counsel that during that period the land had been sold and deeded for taxes, and the plaintiffs in error had redeemed, and by the advice of their lawyers had got the holder of the tax deed to quitclaim to William J. Hall, who was still the holder of the legal title, would not as a matter of law preclude them from establishing their defense of ownership. Redemption under the circumstances was equivalent to a payment of the taxes, and nothing more. The court could not therefore say, as a matter of law, that paying the tax-deed holder the amount necessary to redeem the land and directing him to quitclaim to William J. Hall were conclusive that Ezra Hall was not the owner of the land. Therefore the judgment is reversed, and the cause remanded.

All the Justices concurring.