THE WOODS COUNTY UNION BANK, *Appellant*, V.
HOWARD SHORE et al., *Appellees*.

No. 17,624.

SYLLABUS BY THE COURT.

1. REPLEVIN—*Chattel Mortgage—Foreign Statutes—Evidence.*
A lawyer familiar with the statutes and decisions of another
state is competent to testify as to whether a chattel mortgage
witnessed in a certain way is void under the law of such state,
and the fact that he was permitted over objection to state
what the statute itself was, even if erroneous (which is not
decided), was not materially prejudicial.

2. —— *Defenses under General Denial.* A defendant in re-
plevin may, under a general denial, show any reason why the
plaintiff is not entitled to recover, and for such purpose may
prove that a chattel mortgage relied on by the plaintiff is
void under the law of the state where it was made, without
pleading such law.

Appeal from Barber district court. Opinion filed
May 11, 1912. Affirmed.

*Samuel Griffin,* and *Chase & Stevens,* for the appel-
lant.

*A. L. Noble,* and *J. N. Tincher,* for the appellees.

The opinion of the court was delivered by

WEST, J.: Replevin for two horses which had been
mortgaged in Oklahoma and afterward sold in Kan-
sas. The pivotal question concerns the competency of
oral testimony to show the law of Oklahoma. The
defendants claim that the mortgage was not witnessed
by two disinterested persons, as the Oklahoma law re-
quired in order to make it valid. They put upon the
stand a lawyer familiar with the statutes and de-
cisions of Oklahoma, who was asked to state what the
statute was at the date of the execution of the mort-
gage with reference to the requirements of witnesses,
and answered that to give it any validity it must be

witnessed by the signature of two disinterested persons, and that the courts of Oklahoma had held that an officer of a bank which was taking a mortgage was an incompetent witness.

The plaintiff insists that as section 367 of the code provides that printed copies of the statutes of another state shall be admitted as presumptive evidence, and that the common law may be proved as facts by parol evidence, no other means of proving such statute is competent. Several courts have held that by provisions similar to section 367 it was not intended that other means of proof could not be used, but simply to prescribe one manner of making proof. (*Title Guarantee & Trust Co. v. Trenton Potteries Co.*, [N. J. 1897] 38 Atl. 422; *Chattanooga Railroad Co. v. Jackson*, 86 Ga. 676, 13 S. E. 109; *Brady v. Palmer*, 19 Ohio C. C. 687.) There are numerous holdings that the law of another state may be proved by parol, and some that the statutes themselves may be thus proved. (*Sierra Madre Const. Co. v. Brick*, [Tex. Civ. App. 1900] 55 S. W. 521; *Barber v. Brown*, 17 Ky. Law Rep. 1172, 33 S. W. 833; *Jackson v. Jackson*, 82 Md. 17, 33 Atl. 317; 2 Wig. Ev. § 1271.) But without deciding the latter question, it is sufficient to observe that the evidence was competent to show that by judicial decision in Oklahoma one of the witnesses to the mortgage was incompetent and that the instrument was therefore void. Hence it could make no material difference how the statute was worded, and the evidence concerning its verbiage was neither indispensable nor fatal.

The plaintiff insists that the laws of another state can not be proved in any event unless pleaded. But under the well-settled rule the defendant in replevin may, under a general denial, show any reason why the plaintiff is not entitled to recover. (*Street v. Morgan*, 64 Kan. 85, 67 Pac. 448.)

Finding no material error the judgment is affirmed.