Sweeney v. Finney.

No. 23,514.

MARTIN SWEENEY, *Appellant*, v. ELLEN FINNEY, *Appellee*.

SYLLABUS BY THE COURT.

1. CONTRACT—*Sister to Keep House for Brother—Compromise and Settlement.* The evidence is held to support a finding that a claim made by a brother against a sister for feed furnished for her horse and chickens while she was acting as his housekeeper was adjusted and satisfied when she was paid for her services in that capacity.

2. CONVERSION—*Issues Raised by General Denial.* In an action for conversion the defendant, under a general denial, may prove as a defense that he held the property involved for the plaintiff, making no claim thereto, not having converted it to his own use, and not having refused to deliver it.

Appeal from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed October 7, 1922. Affirmed.

*Maurice Murphy,* of St. Marys, and *A. E. Crane,* of Topeka, for the appellant.

*W. F. Challis,* of Wamego, for the appellee.

The opinion of the court was delivered by

MASON, J.: In September, 1909, an arrangement was made between Martin Sweeney, a single man, and his sister, Ellen Finney, a widow, that she was to keep house for him at his farm. No amount of compensation was agreed upon, but she said she would not need much wages if she could be allowed to keep some chickens, have a cow or two, and have a horse to drive when she went to town. She kept house for him until January 17, 1917. On August 9, 1918, she sued him for the value of her services, which she placed at $2,625, that action being settled by the payment of $1,500. On October 14, 1918, he sued her, asking $360 on account of her horse and buggy having been kept on the place and hay and grain there grown having been fed to the horse, and $1,260 on account of milk, grain and vegetables there produced having been fed to her chickens. He also

asked judgment for $42 as the value of personal property of his which she had appropriated to her own use, consisting of a set of harness, a bed tick, two blankets and three horse collars. On a trial without a jury judgment was rendered for the defendant, and the plaintiff appeals.

1. The trial court found (as we conclude, upon sufficient evidence) that the claims for which $360 and $1,260 were asked had been satisfied by having been included in the settlement under which the $1,500 was paid. The plaintiff contends there was no evidence to support this finding. While the defendant was keeping house for the plaintiff he borrowed $500 from her, the last of which —$286.65—he returned about the time the parties ceased to live together under their agreement, making no claim then of any counterclaim. Receipts signed by the defendant at the time the $1,500 was paid her recited that it was in discharge of her claims for services as housekeeper and of any other claims of hers against the plaintiff, and did not refer to any claims on his part, but the omission to state that it was in settlement of the mutual accounts is not fatal to the defendant's contention, for it may readily be inferred from the original agreement and the relation and conduct of the parties that it was understood the defendant's compensation was to be fixed with reference to whatever advantages she had derived from the arrangement under which she was living with her brother.

2. The trial court found upon sufficient evidence that the plaintiff had left the harness and other articles enumerated with the defendant at the time they ceased living together; that she did not claim them, and had not converted them to her own use. She testified that upon a demand being made upon her for them she said she made no claim to them but they were stored away and it was pretty late and she could not get them that night. This did not prove a conversion. The plaintiff contends that by filing a general denial to the portion of his petition relating to this matter and failing to include in her answer an offer to return the property she asserted ownership and should not be allowed to change her position. It has been questioned whether a general denial in an action for conversion puts in issue anything more than the conversion (*Kerwood v. Ayres,* 59 Kan. 343, 53 Pac. 134), but we know of no ground for doubting that it does that much. (25 Standard Proc. 46.)

The judgment is affirmed.