No. 24,864.

GEORGE G. WAUGH, as THE WAUGH MOTOR COMPANY, *Appellee*, v. A. E. GERTINE and E. A. WREN, *Appellants*.

SYLLABUS BY THE COURT.

REPLEVIN—*Automobile—Demurrer to Answer Improperly Sustained.* In a replevin suit, the answer contained a general denial and plead specific defenses not inconsistent therewith. *Held,* error to sustain a demurrer to the answer.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed January 12, 1924. Reversed.

*David Ritchie,* and *Omer D. Smith,* both of Salina, for the appellants.
*F. T. Knittle,* and *Ralph Knittle,* both of Salina, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from a judgment sustaining a demurrer to an answer in a replevin suit. George G. Waugh brought a replevin suit against A. E. Gertine and E. A. Wren and alleged, in substance, that he was the owner and entitled to the immediate possession of a certain automobile which he had previously sold to one R. F. Houser; that as part payment Houser had executed to him a promissory note for $580.80, upon which he was to make monthly payments of $48.40, and to secure the note Houser and wife had executed an instrument in writing whereby the legal title to the automobile remained in plaintiff until the note was fully paid, and upon default in such payments plaintiff became entitled to the immediate possession of said automobile, and to sell the same and apply the proceeds upon the note; that there had been default in the payments and that defendants were in possession of the automobile and wrongfully withheld such possession from plaintiff. E. A. Wren made separate answer, which contained, first, a general denial; second, alleged that he had purchased the automobile from Houser without any knowledge of plaintiff's claim and after first making inquiry and finding there was no chattel mortgage or other lien of record in the county of Houser's residence; and third, that prior to the time the suit was brought he had sold the automobile to A. E. Gertine and that he was not in possession of it. Plaintiff demurred to this answer upon the ground that it does not state facts sufficient to constitute a defense. The

court sustained the demurrer and Wren appealed. No brief has been filed by appellee, hence we are not advised of the reasons which prompted the trial court in his rulings. Ordinarily a general denial is a sufficient answer in a replevin suit. (*Street v. Morgan,* 64 Kan. 85, 67 Pac. 448; *Dewey v. Bobbit,* 79 Kan. 505, 100 Pac. 77; *Bank v. Shore,* 87 Kan. 140, 123 Pac. 880.) No reason is suggested why either of the .other answers pleaded might not be a defense. The case will be reversed with directions to the court to overrule the demurrer.