No. 37,819

HARRY RODGERS, *Appellee,* v. CATHERINE E. CRUM, *Appellant.*

(215 P. 2d 190)

Opinion filed February 28, 1950.

*Floyd A. Sloan,* of Topeka, argued the cause, and *Ray C. Sloan,* of Hoxie, was with him on the briefs for the appellant.

*Alex M. Fromme,* of Hoxie, argued the cause, and *Joseph W. Fromme,* of Hoxie, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action for damages for conversion of farm machinery. The plaintiff recovered and the defendant appeals.

In order to fully understand the all-decisive issue involved it will be necessary to summarize the pleadings, the opening statements of the parties and the proceedings resulting in the rendition of the judgment.

The petition alleges the plaintiff was the owner of certain farm machinery which was sold by the defendant and therefore wrongfully converted by her. The answer contains a general denial and other allegations to the effect plaintiff's brother was a tenant who, upon the termination of his tenancy on defendant's land, left farm machinery having the physical form of that described in the petition on her premises from August 1, 1947, to September 7, 1948. Defendant also filed a cross petition charging plaintiff was negligent in failing to remove such property from her premises and that as a result she was deprived of the use of two acres of land for a thirteen-month period of time and entitled to recover rental for its use as well as punitive damages. Plaintiff joined issues in a reply by denying all material allegations of defendant's answer and cross petition.

After a jury had been empaneled to try the cause an opening statement was made on behalf of the plaintiff which fully supported the cause of action set forth in his petition. In relating the circumstances under which the involved property was left on defendant's premises counsel for plaintiff stated that plaintiff's brother had farmed defendant's land for several years, that they farmed together, used the machinery in question, stored it on such land, and that when the brother's tenancy on the farm was terminated he moved from the premises but failed to remove such machinery.

Counsel for defendant then made his opening statement. It was not as clear and concise as it might have been. However, it must be conceded that in such statement defendant admitted plaintiff owned the machinery on the date his brother left it on her premises and that after it had remained there from August 1, 1947, until September 7, 1948, she sold it to a junk man who hauled it away, cut it up, and paid the sum of $32 for it. In making such statement the defendant's reasons for selling the property and removing it from her premises were outlined at length by her counsel who stated, in substance, such personalty was abandoned property and junk and that he would not attempt to detail all the facts relied on by defendant as a defense but would adduce evidence respecting them during the course of the trial. A close analysis of the statement compels the conclusion that the principal defense on which defendant was relying was abandonment of the property.

Plaintiff moved for a directed verdict upon defendant's opening statement on grounds that it wholly failed to establish a defense or a cause of action against him. Thereupon, the trial court announced plaintiff was entitled to judgment against the defendant on the pleadings and opening statement and that the only question remaining in the case and for decision by the jury was the amount or value of the machinery. Since this motion contemplated and actually resulted in an adjudication fixing the rights of the parties to the property involved in the action it will hereinafter be referred to and treated as a motion for judgment. Plaintiff then adduced his evidence as to the value. Defendant did likewise. Thereafter the cause was submitted to the jury which returned a general verdict for plaintiff and answers to special questions, fixing the value of the respective items of the involved personalty in accord with his evidence.

Appellant's principal contention on appeal is that the trial court erred in its ruling on the motion for judgment on her opening statement which, for all practical intents and purposes, found her guilty of conversion and limited the jury's consideration of the issues solely to the question of damages sustained by the appellee as a result of her sale of the machinery.

Except to say appellee was entitled to judgment on the pleadings and opening statement the trial court gave no reason for sustaining the appellee's motion for judgment. We shall therefore assume, as appellee states, that it was sustained on the theory the answer and cross petition and appellant's opening statement tendered no issue of fact for the jury except as to the amount of damages. In his effort to uphold the judgment appellee contends the trial court was correct in concluding the pleadings and the opening statement disclose no other issue of fact for the jury's consideration. On the other hand appellant insists the question whether appellee abandoned the machinery was raised by her answer and relied on in her opening statement and that the trial court was required to submit that issue to the jury for decision. The issue thus raised requires a review of principles applicable to the doctrines of conversion and abandonment.

The answer, as we have heretofore indicated, contains a general denial of each and every allegation of the petition except one to the effect appellant caused junk to be removed from her premises on September 7, 1948, having the physical form of property described

in the petition. We note it does contain a further averment to the effect that any loss sustained by appellee was due to his negligence in failing to remove such property from her land prior to that date. This last allegation cannot be construed as an admission the machinery was not abandoned at the time appellee's brother moved from the premises.

In this jurisdiction our decisions, relating to actions for damages for conversion, although they are few in number, all hold that under a general denial a defendant may make any defense that will defeat a plaintiff's claim.

Long ago in *Kerwood v. Ayres*, 59 Kan. 343, 53 Pac. 134, we held:

"Under a general denial in an action for damages for the conversion of personal property, the defendant is not limited to evidence of controverting the conversion charged, but may impeach, as fraudulent or otherwise unfounded, the plaintiff's claim of title to the property." (Syl.)

See, also, *Campbell v. Drug Co.*, 7 Kan. App. 501, 54 Pac. 287; *Warner v. Carter*, 109 Kan. 285, 288, 198 Pac. 960; and *Sweeney v. Finney*, 112 Kan. 9, 209 Pac. 821.

A further analysis of the opinions in *Kerwood v. Ayres*, supra, and *Campbell v. Drug Co.*, supra, discloses language expressly stating that the rule is the same in an action for conversion as in replevin. The same process reveals that in *Warner v. Carter*, supra, we said that under such decisions a general denial in an action for conversion is placed on the same footing with a general denial in replevin. That the rule announced in the foregoing cases is in accord with the great weight of authority will be found upon resort to the following well recognized legal treatises and digests. See 53 Am. Jur. 938 § 169; 65 C. J. 87 § 146; West's American Digest System, Trover and Conversion, § 34 (5).

Having noted the legal principles to which we have heretofore referred apply with equal force to both replevin and conversion actions it is proper to observe that there are many decisions to be found in our reports announcing the rule in replevin cases. To illustrate, at page 288 of the opinion in *Warner v. Carter*, supra, we said "The action was replevin, the answer was a general denial, and the court has said time and again that under a general denial in replevin a defendant may prove any fact which will defeat the plaintiff's cause of action."

For a few of our earlier cases enunciating this principle see *Holmberg v. Dean*, 21 Kan. 73; *National Bank v. Barkalow*, 53 Kan. 68,

35 Pac. 796; *Street v. Morgan*, 64 Kan. 85, 67 Pac. 448. Numerous other decisions of like import, some early and others later in point of time, can be found by reference to West's Kansas Digest, Replevin, §§ 63, 69 (4) and Hatcher's Kansas Digest, Replevin, §§ 29, 31.

See, also, *White v. Gemeny*, 47 Kan. 741, 28 Pac. 1011, holding that since, in replevin, any defense may be proved under a general denial, a motion by plaintiff for judgment on the pleadngs, where there has been a general denial, is properly overruled. Analogous reasoning compels the conclusion that the rule in this case is applicable in a conversion action.

If, perchance, it should be suggested the answer in the instant case, or the cross petition, contains more than a general denial, we pause to point out that this court has said—in a replevin case—(see *Bailey v. Bayne*, 20 Kan. 657) that where there is a general denial in an answer, even though that pleading attempts to set out in detail the defenses on which he relies, a defendant may, nevertheless, prove under his general denial any defense that he may have had so long as there is nothing admitted or stated in the detailed allegations that destroys the force or sufficiency of the denial. In the instant case nothing is to be found in appellant's answer which can be construed as precluding her from making any defense available under her general denial.

We know of no Kansas cases which hold that abandonment of the property involved is a complete defense to a conversion action. However, we have little difficulty in concluding that it is, if for no other reason than that there is inherent in the completed act itself a relinquishment of right, title and interest to property, particularly so far as personalty is concerned.

Conversion has been defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another to the alteration of their condition or the exclusion of an owner's rights (65 C. J. 11, § 1, and *Howell v. Scott*, 44 Kan. 247, 24 Pac. 481). It has been said that the characteristic element of abandonment is the voluntary relinquishment of ownership whereby the thing so dealt with ceases to be the property of any person and becomes the subject of appropriation by the first taker, also that abandonment divests the former owner of title to the property so that it becomes as to him as if he had never had any right or interest therein (1 Am. Jur. 2, § 3; 53 Am. Jur. 876,

§ 81). It has likewise been stated that since abandonment divests the former owner of title, as fully and completely as would a conveyance, abandoned property becomes that of the first person who possesses it or appropriates it to his own use and purposes. (1 C. J. S. 13, 18, §§ 5[b], 9; 1 Am. Jur. 2, 4, §§ 3, 5.) If, as we have seen, a person must be the owner of personal property to recover damages for its conversion and if, once he has abandoned that same property, he ceases to own it and it becomes subject to appropriation by another, a conclusion that abandonment is a complete defense to a conversion action is inescapable.

See 53 Am. Jur. 876, § 81, which states that the fact a plaintiff has abandoned his property before defendant took possession of it is a complete defense in such an action. See, also, 53 Am. Jur. 926, § 149, stating in effect that the liability of an owner of real estate for the conversion of personal property placed thereon depends largely upon the attendant circumstances and that one of the circumstances entitled to weight in determining whether the landowner is liable is the apparent abandonment of the personalty by its owner.

There can be no doubt that in an action for conversion, except where evidence respecting it is so clear a trial court is justified in instructing the jury as a matter of law, that abandonment *vel non* is a question of fact to be determined by the jury under all the circumstances of the case as revealed by the evidence. For general statements to that effect see 1 C. J. S. 17, § 8; 1 Am. Jur. 12, § 18. For decisions adhering to the rule see West's American Digest System, Abandonment, § 6.

In our review of the ruling on the motion for judgment we are concerned only with the question whether abandonment was an issue for the jury and hence need not refer to or discuss the many decisions dealing with the nature and extent of the evidence required to sustain it when involved as a defense.

Thus it appears the only question remaining is whether the trial court was justified in sustaining the motion for judgment on the opening statement.

This court is committed to the rule that no judgment should be entered on an opening statement unless in the making of such statement it apears the party making it has admitted facts which necessarily and absolutely preclude recovery or defense, as the case may be, under the issues made by the pleadings. (*Caylor v. Casto,* 137

Kan. 816, 22 P. 2d 417; *Speer v. Shipley,* 149 Kan. 15, 85 P. 2d 999; *Wilson v. Holm,* 164 Kan. 229, 188 P. 2d 899.) In applying the rule we have held that where there is doubt or ambiguity in such a statement the counsel who makes it is entitled to the presumption he did not intend to make an admission that would be fatal to his case. (*Hall v. Davidson,* 73 Kan. 88, 84 Pac. 556; *Smith v. Insurance Co.,* 108 Kan. 572, 196 Pac. 612; *Caylor v. Casto,* supra; *Greep v. Bruns,* 160 Kan. 48, 159 P. 2d 803.)

Heretofore we have said the opening statement made by appellant compels the conclusion she was relying upon abandonment as a defense. Upon further examination of such statement we fail to find that her counsel made any admissions therein which would necessarily preclude her reliance on that defense in the trial of the case. It necessarily follows, under the decisions to which we have heretofore referred, that the trial court should have denied appellee's motion for judgment and that the sustaining thereof requires the granting of a new trial.

Since the case must be retried a review of the trial errors relied on by the appellant as grounds for reversal of the judgment would serve no useful purpose and is not required on this appeal.

The judgment is reversed with directions to grant a new trial.