**BLOCK v. FISHER et al.**

No. 1446.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 24, 1954.

Decided March 24, 1954.

Rehearing Denied April 5, 1954.

Jacob W. Block, pro se.

Nathan L. Silberberg, Washington, D. C.; for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant is the president and principal stockholder of a corporation which owns certain real estate on the rear of which was a two-story building. The District of Columbia authorities found this building to be in a dangerous condition and ordered its repair or removal. Neither appellant nor the corporation took any action and after some months delay the District employed appellees to raze the building and clear and level the site.[1] In razing the building appellees found therein some second-hand refrigerators which they removed to their yard. About two months later appellant called appellees by telephone and demanded return of the refrigerators, saying that they were his personal property. He was told to come and get them but he refused, saying they should be returned to the place from which taken. Appellant made a second telephone call, but took no other step to retake the property. About six months later appellees offered to give the refrigerators to a junk man who refused the offer. They were then sent to a dump.

Appellant brought this suit for conversion of the refrigerators, testifying they were twelve in number and were of the value of $500. Appellees' testimony was that the refrigerators had no value. The trial court denied any recovery.

We think the trial court was justified in finding that appellant had abandoned the property. To constitute

1. See Code 1951, § 5–501 et seq.

abandonment there must be an intent to abandon and an act or omission by which such intention is put into effect.[2] . Here appellant knew the building was to be destroyed but he did not remove the refrigerators. After appellees had removed them appellant was told he could come and get them, but he refused to do so. He let them remain in appellees' yard for eight months and not until they had been thrown away did he bring suit. His whole course of conduct, coupled with the questionable value of the property, furnished ample basis for a finding of fact that appellant had abandoned the property. Abandonment of personal property is a complete defense to an action for conversion.[3]

Affirmed.

2.  1 C.J.S., Abandonment, § 3; 1 Am.Jur., Abandonment, § 8.

3.  Rodgers v. Crum, 168 Kan. 668, 215 P. 2d. 190; Kansas City, M. & B. R. Co. v. Wagand, 134 Ala. 388, 32 So. 744.