Billy B. GRAFF and Dorris A. Graff, Plaintiffs-Appellants,

v.

TRIPLE B DEVELOPMENT CORPORA- TION, Defendant-Respondent.

No. 43018.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 25, 1981.

John M. Rueseler, Cape Girardeau, for plaintiffs-appellants.

A. M. Spradling, III, Cape Girardeau, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Plaintiffs brought an action in replevin to recover property from the defendant. The trial court sitting without a jury found for the defendant. Plaintiffs appeal.

On July 1, 1974, plaintiffs entered into an agreement with defendant to lease a com-

mercial building and surrounding property in the City of Cape Girardeau for a period of five years. The lease provided that upon its termination plaintiffs would be entitled to "remove all or any part of the furniture, fixtures, business equipment, and all other improvements and personal property in, on, or about said premise by lessee, except wall coverings, and partitions." Plaintiffs used the property to establish a local saloon, the Mixer Lounge. Plaintiffs bought tables and chairs for the lounge and made several improvements to the property by replacing the electrical switchbox, hanging doors, installing a walk-in refrigerator, putting partitions in the bathroom, and placing a sign on top of the building. Plaintiffs also built a bar and bandstand.

After plaintiffs failed to make the scheduled rent payments, the defendant obtained a termination of the lease and received a judgment of $3,800 by a judicial decree in July of 1976. Thereafter, plaintiffs orally agreed with defendant to occupy the property on a month to month tenancy for $800 per week; this figure represented the current rent plus rent that was owed under the prior lease. Plaintiffs were unable to make the weekly payments, and subsequently closed the Mixer Lounge in October, 1976. In November of 1976, the Sheriff of Cape Girardeau County placed a levy on the tables and chairs in the Mixer Lounge in order to satisfy the $3,800 judgment. A public auction of the plaintiffs' property was cancelled when Leo Kohlfeld agreed to pay the $3,800 judgment in exchange for the levied property. The improvements and other remaining personal property were left on the premises, and this property is the subject of the present litigation. At trial, plaintiffs asserted that they made several attempts to recover the remaining property after the levied property had been sold. The trial court ruled that plaintiffs failed to make any efforts to remove any remaining property within a reasonable period, and therefore, abandoned any right of removal of such property.

Abandonment is the voluntary relinquishment of ownership of personal prop-

erty, whereby the previous owner is divested of any claim of right, and such property "becomes the subject of appropriation by the first taker." *Wirth v. Heavey*, 508 S.W.2d 263 (Mo.App.1974) quoting *Rodgers v. Crum*, 168 Kan. 668, 215 P.2d 190, 193 (1950). The burden of proof is on the party who asserts abandonment and must be shown by clear and unequivocal evidence. Abandonment, if proved, is a complete defense to an action for replevin and precludes recovery. *Wirth v. Heavey, supra.* To constitute an abandonment, the owner must act with conscious intent neither to use nor to retake possession of the property. *Wirth, supra.*

In the present case, the plaintiffs voluntarily terminated the month to month tenancy after being unable to meet the conditions of the oral agreement. At this time, plaintiff owed the defendant $3,800 from the judgment terminating the five year lease, and rent for the period subsequent from the judicial order. Plaintiffs relinquished their keys to the premises without removing any of the property they now claim. Plaintiffs assert that they did not remove anything from the lounge because they owed the defendant $3,800.

When plaintiffs returned the keys to the defendant, no lien had been placed on any of plaintiff's property, nor was any evidence presented that defendant was prevented from removing such property. Since plaintiffs owed defendant a substantial sum of money at the time he relinquished possession, the trial court could have reasonably inferred that plaintiffs intentionally left the personal property and improvements to the property on the premises to satisfy the debt. Furthermore, the turning over of the keys to the premises was a sufficient act by the plaintiffs to indicate that they neither intended to use nor retake possession of the property.

Our function as an appellate court is not to reweigh the evidence but to determine if there is substantial evidence to support the judgment. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In reviewing the record, we find there was ample evidence to

support the trial court judgment that plaintiffs acted with conscious intent in abandoning the disputed property. The judgment is affirmed.

WEIER and GUNN, JJ., concur.