HENRY B. BROWN v. WILLIAM KIMBLE.

*Error from Cherokee County.*

MOTION TO DISMISS.—The denial of a motion to dismiss an action made by the defendant is not one of the orders of the district court from which error lies to this court until the final disposition of the action.

The facts of the case sufficiently appear in the opinion of the court.

A brief was filed for plaintiff in error, doubtless involving the merits of the action, but as the court, in disposing of the case, base their determination upon a consideration of matters preliminary, it is not deemed advisable to insert the points made.

*W. C. Webb*, for plaintiff in error.

*M. V. Voss*, for defendant in error.

*By the Court*, KINGMAN, C. J.

This cause has been in this court before.  [*See* 4 *Kansas*, 422.]  Upon the return of the case, and the filing of the mandate, which was that " said judgment be reversed and said cause remanded to said district court to be transferred to the proper county, as provided by law, for further proceedings;" the district court of Bourbon county, on motion of Kimble, made an order transferring the case to Cherokee county, there to stand for trial.

At the October term of the district court of Cherokee county, the defendant, the plaintiff in error, appeared specially, and filed his motion to dismiss the action because :

First, the court has no jurisdiction of the action.

Second, the court has no jurisdiction of the person of the defendant, Brown.

Third, the record did not show that either party to the case had made "application verified by affidavit," showing that Cherokee county was the proper county to which the case was transferred by chapter 54, laws of 1867.

Which motion was overruled; which ruling the plaintiff in error claims was erroneous. The denial of a motion to dismiss is not one of the orders of a district court from which error lies to this court, until the final disposition of the action, [see *Comp. Laws, p.* 234] therefore the action on error in this case must be dismissed.

The counsel for plaintiff in error asks that the questions raised may be passed upon now, to save the trouble of bringing the case to this court again. There may never be occasion for such action. We respectfully suggest that the first two points he raised by his motion, were passed upon when the case was here before; otherwise the mandate would have been to dismiss the action. The third ground the defendant in error assumed at his peril. If on the trial it shall appear that Cherokee is not the proper county, then he will be the sufferer; if it be the proper county, how is the plaintiff in error the sufferer?

The cause on error in this court must be dismissed.

All the Justices concurring.