# H. C. WAFFLE v. J. S. SHORT.

MUTUAL ACCOUNTS, *Nature of; Statute of Limitations.* Where there is an open, running, mutual account between two persons, each person does not have a separate cause of action for each separate item of the account, but only the person in whose favor there is a balance due on the account has a cause of action for such balance against the other. The statute of limitations does not run against each item separately, but only against the balance due; and it will commence to run only from the time of making the last item rightfully credited to the party against whom the balance is due. Each item thus credited to the party against whom the balance is due is a payment or part payment, not of any particular item against him, but of the balance due against him, and is, in one sense, a payment or part payment of every item rightfully charged against him in the whole account.

*Error from Cloud District Court.*

AT the October Term, 1879, of the district court, *Short*, as plaintiff, recovered a judgment against defendant *Waffle*, who brings the case here. The opinion states the facts.

*L. J. Crans*, for plaintiff in error.

*Theodore Laing*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for a balance due on an account. Judgment was rendered in favor of the plaintiff (defendant in error), and against the defendant (plaintiff in error), for the sum of $11.08; and the defendant now complains of such judgment in this court.

The principal defense made by the defendant in the trial court was, that the cause of action was barred by the three-years statute of limitations. The court below, as well as the justice's court, in which the cause originated and was tried, held that the cause of action was not thus barred; and we think that both courts decided correctly.

Where there is an open, running, mutual account between two persons, each person does not have a separate cause of

action for each separate item of the account, but only the person in whose favor there is a balance due on the account has a cause of action for such balance against the other. The statute of limitations does not run against each item separately, but only against the balance due; and it will commence to run only from the time of making the last item rightfully credited to the party against whom the balance is due. Each item thus credited to the party against whom the balance is due is a payment or part payment, not of any particular item against him, but of the balance due against him, and is, in one sense, a payment or part payment of every item rightfully charged against him in the whole account. In the present case three years had not elapsed after the last item paid by the defendant and credited to his account, before this action was commenced, and hence the cause of action in this case was not barred by any statute of limitations.

The judgment of the court below will be affirmed.

All the Justices concurring.