No. 35,516

OLIVER ESTES, *Appellant*, v. J. A. TOBIN CONSTRUCTION COMPANY, J. A. TOBIN and THE AMERICAN ROCK CRUSHER COMPANY, *Appellees*.

(127 P. 2d 720)

Opinion filed July 11, 1942.

*David F. Carson,* of Kansas City, argued the cause, and *Harry Hayward* and *David W. Carson,* both of Kansas City, were on the briefs for the appellant.

*Patrick W. Croker,* of Kansas City, argued the cause, and *George H. West,* of Kansas City, was on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages to plaintiff's residence alleged to have been caused by the concussion of blasting operations carried on by defendants operating a stone quarry situated within the corporate limits of Kansas City. In addition to allegations appropriate for a common-law action for such damages it was alleged defendants neglected to comply with ordinance No. 7367 of the city of Kansas City with respect to procuring a permit for blasting upon a written application containing required information, and for the covering, as directed by the city engineer, of the object to be blasted. Defendants moved to strike out and delete from the

petition all the allegations pertaining to city ordinance No. 7367, for the reason that such allegations do not add to or constitute a part of plaintiff's cause of action; that there is no causal connection between the alleged breach of the ordinance and the injuries complained of by plaintiff, and the pleadings of the ordinance and its alleged violation are calculated to and will prejudice defendants on the trial of the action. After a hearing the trial court sustained this motion (except as to section 3 of the ordinance) and plaintiff has appealed from that ruling.

Our statute makes no provision for an appeal from an order striking a part of the matter contained in a pleading. However, where the matter stricken is essential to plaintiff's cause of action, or sets up a separate and independent defense thereto, the ruling of the court is treated as a demurrer to the material portion of the pleading which is stricken and the appeal is entertained, since a ruling upon a demurrer is by statute made an appealable order. (G. S. 1935, 60-3302. *Redfield v. Chelsea Coal Co.*, 138 Kan. 373, 375, 26 P. 2d 579.) Here it seems clear to us, as it did to the trial court, that plaintiff, having pleaded a common-law action for damages, adds nothing to that by pleading this ordinance and its violation. (*Zumbrun v. City of Osawatomie*, 135 Kan. 26, 10 P. 2d 3.) Damages to plaintiff's building from the blasting operations would be just as great if the ordinance had been complied with as though it had not.

In this court appellant argues that his action is really based on two causes of action, although they are not separately stated and numbered in the petition, and says one is the common-law action for damages and the other is the violation of this ordinance. But, considered from that viewpoint, we are unable to see that plaintiff is in any better position, for still there appears no causal connection between the alleged violation of the ordinance and the injury plaintiff is alleged to have sustained.

Since the ruling complained of is not an appealable order, the appeal should be dismissed. It is so ordered.