No. 36,259

OLIVER ESTES, *Appellee*, v. J. A. TOBIN CONSTRUCTION COMPANY, J. A. TOBIN and the AMERICAN ROCK CRUSHING COMPANY, *Appellants*.

(153 P. 2d 939)

Opinion filed December 9, 1944.

*Patrick W. Croker*, of Kansas City, argued the cause, and *George H. West*, of Kansas City, was on the briefs for the appellants.

*Harry Hayward*, of Kansas City, argued the cause, and *David F. Carson* and *David W. Carson*, both of Kansas City, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action for damages to plaintiff's residence alleged to have been caused by the concussions of blasting operations carried on by defendants operating a stone quarry situated within the corporate limits of Kansas City. Defendants have appealed from adverse rulings on motions which they had leveled against the amended petition.

At the outset we are confronted with appellee's motion to dismiss the appeal. A clear understanding of this motion and of one of appellants' (defendants') contentions requires a brief statement concerning the history of this case. In order to avoid confusion we shall refer to the parties as plaintiff and defendants.

There was a previous appeal in this case by the *plaintiff* to obtain a review of the trial court's ruling sustaining defendants' motion to strike a portion of plaintiff's original petition. (*Estes v. Tobin Construction Co.*, 155 Kan. 564, 127 P. 2d 720.) In the former case we held:

"Our statutes do not authorize a separate appeal from a ruling of the trial court sustaining defendant's motion to strike from the petition matter not essential to plaintiff's cause of action." (Syl.)

In the opinion we said:

"Since the ruling complained of is not an appealable order, the appeal should be dismissed. It is so ordered." (p. 565.)

In the instant case defendants seek a review of the trial court's rulings on their respective motions (1) to require plaintiff to comply with our mandate in the former case; (2) to strike portions of the amended petition; and (3) to make the amended petition more specific, definite and certain.

The motions will be considered in the order stated. Defendants filed a motion in the district court requesting that plaintiff be required to comply with the court's mandate and amend his petition in compliance with the court's decision, namely:

"(1) 'To pay the costs taxed against plaintiff; that defendant should not be required to plead or proceed until the plaintiff had complied with the Court's mandate, . . .' "

It appears this motion involved not only the costs in this court but also other costs which had accrued in the district court. The latter costs were taxed against the plaintiff by the district court after plaintiff's former appeal to this court was dismissed.

No final judgment has been rendered in this case. With respect to court costs our mandate in the former case was concerned only with costs incurred in this court in connection with the former appeal (see rule No. 17 of supreme court) and not with other costs incurred in the trial court. Our mandate in the former case discloses this court dismissed the former appeal and that the court costs in this court were paid. They were paid out of the costs deposited in this court by plaintiff, appellant in the former case. It appears the total costs incurred in the district court in the case are $11. Whether the trial court will require those particular costs to be paid now or later rests in its sound discretion. (G. S. 1935, 60-3703 *et seq.*) Those costs were not involved in our former mandate. It follows there is nothing properly before this court for review now with respect to any costs.

The motion to strike involved in the present appeal is not the motion to strike which was involved in the former appeal. The motion does not involve allegations whereby it is attempted to set up a fictitious or invalid theory of recovery. The motion to strike is not tantamount to a demurrer. The grounds of that motion are merely that certain allegations are argumentative, vindictive and

in the nature of a lecture. The trial court apparently did not so interpret the averments and overruled the motion.

The motion to make the amended petition more definite and certain sought additional facts with respect to the date, time, place and the circumstances under which defendants were alleged to have engaged in the mining or blasting of rock. The motion also requested that plaintiff state in what particular defendants failed to use reasonable care in setting off such powerful charges as to violently shake plaintiff's house and premises. The motion further requested that plaintiff be required to state what care and precaution defendants should have taken that were not taken.

We are advised defendants are obliged to defend not only the instant case but a number of other similar pending cases. It is quite natural they should desire to be advised as fully as possible concerning the nature and character of the contentions with which they will be confronted. The trial court probably concluded the details of such operations were better known to defendants than they were to plaintiff. It should, however, always be remembered that the test of the right to appeal from rulings on motions of this character is not whether this court would have ruled as the trial court ruled. Obviously rulings on such motions must be left to the exercise of sound discretion of the trial court.

It is not contended the amended petition does not state a cause of action or that the ruling on any of the motions in effect determines the action or any essential element thereof. We repeatedly have held motions to strike, to make definite and certain and to separately state and number rest in the sound discretion of the trial court, and that rulings thereon are not appealable, unless they affect a substantial right and in effect determine the action. (*Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469; *Axe v. Wilson,* 150 Kan. 794, 96 P. 2d 880.) In the instant case it does not appear the rulings on defendants' motions have that effect. We are therefore obliged to sustain plaintiff's motion to dismiss the appeal. It is so ordered.