No. 36,564

Phyllis Bryan, *Appellant*, v. John W. Enyart, *Appellee*.

(168 P. 2d 89)

Opinion filed April 6, 1946.

*Charles M. Tucker* and *Charles Vance*, both of Liberal, were on the briefs for the appellant.

*G. L. Light* and *Auburn G. Light*, both of Liberal, were on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages alleged to have been sustained when an automobile being driven by defendant in which plaintiff was a passenger was overturned. A motion of the defendant to strike certain matter from the petition was sustained. The plaintiff has appealed.

The petition alleged that defendant was an officer in the United States Army stationed at Liberal, Kan.; that he requested plaintiff to accompany him on a picnic on a certain day; that plaintiff was a single woman and inquired of defendant as to whether or not he was married and he stated to her that he was unmarried; that this statement was false and was known by defendant to be false and was made by him for the purpose of deceiving the plaintiff; that the plaintiff believed this representation and agreed to accompany the defendant on a picnic; that on September 1, 1945, plaintiff and defendant, together with another couple, left Liberal, Kan., in an automobile owned and operated by the defendant with the intention of picnicking at Meade County State Park. The petition then described the manner in which defendant drove his automobile with the result that it turned over several times, so that plaintiff was

permanently injured; that she had been earning $1,800 a year prior to that time and at the time of the filing of the action she was unable to earn anything. There was a paragraph in the petition alleging that the action of the defendant in driving his car as he did constituted gross and wanton negligence; that the injury to the plaintiff would not have occurred except for the willful misrepresentation of the defendant who induced her to become a passenger in the automobile and would not have occurred but for the gross and wanton negligence of the defendant.

The defendant moved to strike out all the reference in the first part of the petition to the effect that the defendant was a married man and had told the plaintiff that he was single; also the statement in the latter part of the petition that the injury would not have occurred except for the misrepresentation, to which reference has been made.

This motion was sustained and the matter ordered stricken. From the order sustaining that motion, the plaintiff has appealed.

Ordinarily a motion to strike is addressed to the sound discretion of the trial court and the sustaining or overruling of it is not an appealable order. However, the plaintiff presented the matter in the court below and presents it here on appeal on the theory that the stricken matter was included in the petition for the purpose of avoiding the effect of G. S. 1935, 8-122b. That is commonly referred to in our reports as "The Guest Statute." It provides as follows:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

If by alleging that the plaintiff was induced to enter the car of defendant and start upon a trip to the picnic by his fraud and misrepresentation, plaintiff can escape the effect of the above statute in order to recover it will only be incumbent upon her to prove ordinary negligence against the defendant rather than gross and wanton negligence.

The parties raised the point by presenting the motion of the defendant to strike and securing a ruling upon it. The court in effect held that the allegations as to misrepresentation on the part of the defendant did not prevent the statute from applying to the

case, hence the allegations were not material and the plaintiff was a guest of the defendant within the meaning of the statute. There is no allegation that she paid anything for the transportation.

Plaintiff argues that to be a guest her presence in the automobile must have been voluntary and that since it was induced by the fraud of defendant it was not voluntary. She cites one case upon that question, *Kastel v. Stieber*, 297 Pac. 932 (a California case not reported in the state reports). The California act being California Vehicle Act, Stat. 1923, p. 517, § 141¾, as amended by Stat. 1929, p. 1580, as summarized in the Kastel case provides as follows:

"That person accepting a ride in any vehicle without giving compensation therefor cannot recover against the owner or driver for any injuries sustained, except injuries approximately resulting from 'gross negligence' of owner, driver, or person responsible for operation of the vehicle." (Headnote 7.)

In that case an eight-year-old child was taken into an automobile by two people in whose care she had been left. The trial court found that she not only did not want to go with the two people in the car but she resisted so strenuously one adult was compelled to hold her in it. The statute used the word "accept" so that no person accepting a ride could recover damages against the driver of the automobile except for gross negligence. Certainly a person who had to be held in an automobile by force could not be said to have accepted a ride in it. The youth of the plaintiff was also considered.

Our statute provides that one who is transported by the owner or operator of a motor vehicle as his guest without payment for such transportation, etc.,— In *Crawford v. Foster*, 110 Cal. App. 81, 293 Pac. 841, the court said:

"We think the meaning of the language used is that a guest is one who is invited, either directly or by implication, to enjoy the hospitality of a driver of a car; who accepts such hospitality; and who takes a ride, either for his own pleasure or on his own business, without making any return to or conferring any benefit upon the driver of the car other than the mere pleasure of his company." (p. 85.)

We have held that when the injured person had performed some service for the driver of the car before starting on the ride during which he was injured and the arrangement between the injured person and the driver was only incidental to the business for which he was making the trip that the performance of the service did not

constitute payment. See *Pilcher v. Erny*, 155 Kan. 257, 124 P. 2d 461.

Here the allegation of the plaintiff as to the false representations of the defendant are only incidental to the risk taken by plaintiff when she started on the picnic with him. No connection appears between the fact that defendant told plaintiff he was single, when as a matter of fact he was married, and the negligent driving which caused plaintiff's injuries.

While the petition pleads that plaintiff would not have entered the car being driven by plaintiff had she not been told he was unmarried, it stops short of stating that knowledge of his being married would have caused her to have doubts as to his being a careful driver. Neither does the petition contain any statement that there was any causal connection between the marital status of the defendant and plaintiff's injuries.

It follows that the stricken matter did not take the case out of the guest statute. It was not material and was properly stricken.

The judgment of the trial court is affirmed.

SMITH, J. (dissenting): I find myself unable to agree with the majority. I will state my views as briefly as possible.

*Stout v. Gallemore*, 138 Kan. 385, 26 P. 2d 573, was our first opinion discussing this statute. There, amongst other things, we said:

"This statute is the outgrowth of a thought which had become common among our people, that it was too easy under our law relating to liability for negligence for one riding in an automobile as a guest of the driver to recover damages for injuries sustained in an automobile casualty. Similar statutes have been enacted in other states." (p. 389.)

Similar statements have been made in opinions from other jurisdictions.

The question arises, why was it too easy to recover damages under the circumstances outlined? It was because in practically every case brought, a daughter sued her mother, or a son sued his father, or two other people of some such close relationship sued each other. It did not take long before the courts noticed such actions were generally brought when there was a public liability insurance policy in the background. Often the nominal defendant would be found testifying in favor of plaintiff. That was the argument which brought about the enactment of this statute and similar statutes in other states.

In this case that reason does not exist. Even though this plaintiff was the nominal guest, the driver of the car had deceived her by telling her he was single when in fact he was married. The motivating cause for him to favor her in his testimony gone, the reason for this statute is not present in a case of this type.

For that reason I think the language pleaded should take the case out of the statute, hence it was material and should not have been stricken.