, No. 38,168

C. J. BILLUPS and E. VON LEHE, a co-partnership, doing business as "B" TRUCK LINES, *Appellees,* v. AMERICAN SURETY COMPANY, a Corporation; JOHN ELSESSER, Sheboygan, Wis.; THE HENSEL TRANSFER & WAREHOUSE COMPANY, a Corporation, Sheboygan, Wis.; MARYLAND CASUALTY COMPANY, a Corporation; and MERLE WILKENING, Riley, Kan., *Appellants.*

(228 P. 2d 731)

Opinion filed March 10, 1951.

*Ralph W. Oman,* of Topeka, argued the cause, and *Robert Stone, James A. McClure, Robert L. Webb,* and *Robert A. McClure,* all of Topeka, were with him on the briefs for the appellants, American Surety Company, John Elsesser, The Hensel Transfer & Warehouse Company.

*O. B. Eidson,* of Topeka, argued the cause, and *T. M. Lillard, Philip H. Lewis,* and *James W. Porter,* all of Topeka, were with him on the briefs for the appellants, Maryland Casualty Company and Merle Wilkening.

*Harold E. Doherty,* of Topeka, argued the cause, and *G. Clay Baker, Howard F. McCue* and *Roy N. McCue,* all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: Plaintiffs, as partners, brought this action in September, 1949, against the defendants to recover damages to their tractor truck and for loss of the use thereof, all claimed to have been sustained by them as the result of an accident and collision between three motor trucks on the public highway near Manhattan.

All issues involved on appeal relate to the sufficiency of the petition. For that reason and because such pleading discloses the factual situation about as clearly as it could be described in narrative form we shall quote from it at length omitting only formal averments and other immaterial allegations to which we shall presently refer.

After alleging that the plaintiffs were a partnership with their principal place of business at Clyde, Kansas, that the American Surety Company is a New York corporation authorized to do business in Kansas, that the defendant, John Elsesser is a resident of Sheboygan, Wis., and that Hensel Transfer and Warehouse Company is a Wisconsin corporation with its principal place of business at Sheboygan, Wisconsin, licensed by the Interstate Commerce Commission to operate vehicles on the Highways, the petition reads as follows:

"That, at all times hereinafter mentioned, the Hensel Transfer and Warehouse Company was the owner of a 1946 White Tractor, which tractor was operated as a part of the business of the Hensel Transfer and Warehouse Company for the purpose of transporting household goods across the highways of the State of Kansas, and which truck was being operated on the highways of Kansas pursuant to Section 66-1305 General Statutes of Kansas.

"That, at all times hereinafter mentioned, John Elsesser was the agent, servant and employee of the Hensel Transfer and Warehouse Company and was operating said truck on behalf of and in furtherance of defendant Hensel Transfer and Warehouse Company's business.

"That, prior to the 10th day of January, 1948, for the purpose of gaining admittance into the state of Kansas, and for the purpose of operating said equipment over the highways of the State of Kansas, pursuant to Section 66-1305 1947 Supplement to the General Statutes of Kansas, the American Surety Company issued its liability insurance policy No. MV-53934M wherein they guaranteed to indemnify any individuals who suffered damages as a result of the negligence of the defendant Hensel Transfer and Warehouse Company in the operation of the 1946 truck hereinbefore mentioned.

"That, a copy of said policy is not attached for the reason that plaintiffs do not have a copy and are unable to obtain a copy but the defendants have the policy and are well acquainted with the terms of said policy. That a photo-

static certified copy of the Port of Entry records made pursuant to 66-1305 1947 Supplement to the General Statutes of Kansas is hereto attached and made a part of this petition and marked Plaintiff's Exhibit 'A'.

"Merle Wilkening was at all times hereinafter mentioned the owner of a 1946 Chevrolet truck which truck was operated on the highways of the State of Kansas pursuant to authority of Common Carrier Route No. 3022 granted by the Kansas Corporation Commission.

"That, pursuant to Section 66-1108 General Statutes of Kansas 1935, the defendant Maryland Casualty Company issued its policy No. 15-458690 to the defendant Merle Wilkening and filed a copy with the Kansas Corporation Commission wherein it agreed to reimburse and hold harmless any individual who was injured or who suffered damage to their property as a result of the negligence of Merle Wilkening, his agents, servants and employees.

"That, a copy of said policy is not attached hereto for the reason that plaintiff does not have a copy but the defendants have said policy in their possession and are familiar with its terms.

"That at all times hereinafter mentioned plaintiffs were the owners of a 1948 White Tractor and a 1947 32-foot Wilson trailer.

"That on the 11th day of January, 1949, Highway 24 and 40 near the Blue River Bridge was covered with ice and snow but the entire highway was clear for traffic.

"That on or about the 11th day of January, 1949, at approximately 3 p. m., C. J. Billups was driving the above described vehicle on Highway 24 and 40 traveling on the South side of the highway at a speed of approximately 18 to 20 miles per hour.

"That, at approximately 3 p. m. on January 11, 1949, and near the Blue River Bridge, Merle Wilkening was driving his truck in a Westerly direction, traveling at a speed of 30 to 35 miles per hour.

"That immediately behind Merle Wilkening a distance of approximately 20 feet, the defendant John Elsesser was driving a Hensel Transfer and Warehouse Company truck, traveling in a Westerly direction. As the lead truck, being driven by Merle Wilkening approached the plaintiff's vehicle, which was traveling toward the defendant, Merle Wilkening, without signalling, applied his brakes and brought his vehicle to a stop.

"At the time Merle Wilkening stopped, he knew the defendant Hensel Transfer and Warehouse Company's truck was so close upon him that it could not stop. That because of his stopping and because of the close proximity of the defendant's truck, Hensel Transfer and Warehouse Company, a collision occurred between these two trucks. As a result of this collision, the defendant John Elsesser drove his truck to the left or the south side of the highway and crashed into the vehicle of plaintiff, knocking it from the highway into a ditch on the South side of the road.

"That, as a result of the negligence of the defendant, plaintiffs' vehicle was damaged in an amount of $2,328.11, the cost of repairs to their vehicle. A copy of the repair bill is hereto attached, made a part hereof and marked Plaintiffs' Exhibit 'B'.

"That, in addition thereto, the plaintiffs paid the sum of $350.00 for wrecker services to remove the vehicle from the creek.

"That at the time of the accident plaintiff's vehicle was being used for transporting livestock from and in the vicinity of Clyde, Kansas, to Kansas City, Missouri, an average of two times per week and plaintiffs earned $125.00 net per trip.

"That, as a result of this accident, they missed four trips to Kansas City and lost the sum of $500.00.

"Plaintiffs further allege that on or about the 3rd day of February, 1949, the War Department attempted to lease the truck from plaintiffs at an hourly rate of $13.75 for the the purpose of transporting feed and other commodities to the snowbound area of Wyoming and the Dakotas.

"That, because of the accident, plaintiffs were unable to lease this truck and, as a result thereof, lost seven weeks' work with it and lost the net sum of $6,145.00 by reason of being without the use of said truck.

"That the damage to the vehicle of plaintiffs was the result of the joint negligence of the defendants and each of them."

The remaining allegations of the petition are of little consequence and need not be quoted. It suffices to say they relate to specific acts of negligence on the part of the two truck driver defendants which for present purposes must be regarded as conceded and to the amount of damages claimed, together with a prayer for their recovery.

In the court below the defendants, American Surety Company, John Elsesser and Hensel Transfer and Warehouse Company, filed a motion to make the petition more definite and certain and to strike certain of its allegations. The American Surety Company also demurred to such pleading. Defendant Wilkening filed a motion to strike certain allegations from the petition and to make others more definite and certain. The defendant Maryland Casualty Company also demurred to the petition and in addition filed a motion to dismiss the alleged cause of action against it as set out therein, with an affidavit in support thereof. All of the foregoing motions and demurrers were overruled and the defendants having given due notice of appeal now seek to have the propriety of the trial court's ruling with respect thereto reviewed and determined.

Before passing on the more serious questions involved we shall dispose of those which are of importance only because they are raised by the parties' specifications of error.

The Maryland Casualty Company, hereinafter referred to as Maryland, supporting its position by an affidavit, complains of the overruling of its motion to dismiss based on the ground that notwithstanding allegations of the petition to the contrary its insured, Merle Wilkening, was operating his motor truck on his own personal

behalf and business and not pursuant to any authority granted him by the Kansas Corporation Commission as therein alleged. There are two good reasons why such complaint lacks merit. In the first place this court has repeatedly and uniformly held that the over-ruling of a motion to dismiss an action, made by defendant, is not a final order and hence not one of the orders of the district court from which an appeal lies to the Supreme Court until final disposition of the cause below. (*Brown v. Kimble,* 5 Kan. 80; *Montgomery Ward & Co. v. Ellis,* 152 Kan. 320, 103 P. 2d 817; *St. Paul Fire & Marine Ins. Co. v. Bender,* 153 Kan. 752, 113 P. 2d 1062; *Hudson v. Hudson,* 142 Kan. 358, 46 P. 2d 882; *Pulliam v. Pulliam,* 163 Kan. 497, 499, 183 P. 2d 220; *Singleton v. State Highway Comm.* 166 Kan. 406, 201 P. 2d 650.) In the next it does not propose to permit a defendant to contradict the allegations of a petition by an affidavit and in such manner obtain a decision respecting disputed questions of fact before joinder of issues and a trial upon the merits.

Defendants, American Surety Company and Hensel Transfer and Warehouse Company, hereafter referred to as American and Hensel, respectively, also defendant Elsesser, joined in a motion asking that plaintiffs be required to state whether they were licensed by the Corporation Commission as either a contract, public, or private carrier and if so that they be required to attach a copy of their license or certificate of convenience to the petition and state whether the Commission had ever authorized them to lease any of their equipment, particularly the truck in question, to the War Department for the purpose of transporting feed to the area described in the petition. In such motion they also asked that if plaintiffs were so licensed and had not been authorized to lease such equipment to the War Department that the trial court require them to strike from their petition all allegations having to do with and tending to support their claim for damages arising out of the alleged loss of the rental and lease of their truck to the Federal Government. Defendant Wilkening's motion to make definite and strike contains allegations and requests of similar import and in addition a demand that plaintiffs be required to state what hauling such defendant was doing at the time and place of the accident in question pursuant to the authority of the common carrier permit which had been granted him by the Commission.

The established rule in this jurisdiction is that motions to strike and make definite and certain rest in the sound discretion of the

trial court, and rulings thereon are not appealable, unless they affect a substantial right and in effect determine the action. (*Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469; *LaHarpe Fuel Co. v. City of Iola*, 152 Kan. 445, 448, 105 P. 2d 900; *Gibson v. Bodley*, 156 Kan. 338, 133 P. 2d 112; *Estes v. Tobin Construction Co.*, 159 Kan. 322, 153 P. 2d 939; *Giltner v. Stephens*, 163 Kan. 37, 42, 180 P. 2d 288; *Atkinson v. Sowersby*, 165 Kan. 678, 683, 198 P. 2d 158; *Hill v. Hill*, 168 Kan. 639, 640, 215 P. 2d 159.)

Turning to phases of .the motions to make the petition more definite and certain we know of no rule of law requiring that plaintiffs' petition contain allegations respecting whether their truck was licensed by the Corporation Commission as a contract, public or private carrier, in order to state a cause of action against the defendants in negligence for damages to their truck. Neither is it certain the absence of allegations to the effect the Commission had authorized them to lease their truck to the War Department preclude them from recovering damages for profits lost by reason of their inability to lease the truck to the Government because of that negligence. Nor are we sure they were obliged, in order to state a cause of action against Wilkening, to advise that individual by averments in the petition as to what particular hauling such defendant was doing pursuant to the authority of the common carrier permit granted him by the Commission. Be that as it may, we are not required to now pass upon the questions to which we have just referred. For the moment it suffices to say that, so far as the defendants making the motions are concerned, such questions have to do with matters of defense which could have been pleaded by the particular defendant involved by way of answer and that to require any such defendant to so plead did not substantially prejudice his rights and as to him, of a certainty, did not have the effect of determining the action. Therefore, under the rule to which we have heretofore referred, the rulings of the trial court in refusing to make the petition more definite and certain were not appealable orders and cannot be disturbed.

Inasmuch as defendants' motions to strike depend entirely upon their right to have the petition amended in the particulars previously noted it necessarily follows from the conclusion just announced the record fails to reveal any error on the part of the trial court in overruling such motions.

In passing it should perhaps be stated that under the rule to

which we have last referred a contrary conclusion with respect to the motions to make more definite and certain would not entitle the defendants to a review of the rulings on the motions to strike. Assuming, without in any sense deciding, that there may be some legal obstacle which would preclude plaintiffs from recovering damages for loss of profits by reason of being unable to lease their truck to the War Department it is clear from the record that such loss was only a portion of that which they had suffered as a result of the accident and for which they were seeking recovery under the allegations of their petition. Under such conditions the overruling of the motions to strike are not to be regarded as final orders within the meaning of the term "final order" as defined in the code of civil procedure (G. S. 1949, 60-3303) and are not made appealable by statute (G. S. 1949, 60-3302). This, we may add, would be true even if it be assumed the trial court in ruling on such motions treated them as tantamount to demurrers.

Under our decisions a petition which otherwise states a cause of action is not subject to a demurrer for the reason it seeks to recover more or different relief than that to which plaintiff is entitled. (See *Cooley v. Shepherd,* 170 Kan. 232, 236, 225 P. 2d 75, and cases there cited.)

Having disposed of contentions advanced by the parties with respect to rulings of the trial court on motions we are now in position to give attention to their claims respecting its action in overruling the demurrers to the petition.

Maryland's demurrer is based upon the single premise the petition does not state facts sufficient to constitute a cause of action against it and in favor of plaintiffs. In support of its position it directs our attention to our decision in *Lawrence v. Travelers Mutual Cas. Co.,* 155 Kan. 884, 130 P. 2d 622, also other cases cited in the opinion, and points out that such authorities hold that in a case of the character here involved a petition states no cause of action against an insurer unless it contains specific allegations to the effect the insured, at the time and place of the accident in question, was operating his truck pursuant to authority granted under the certificate which had been issued him by the Corporation Commission. It then insists the instant petition contains no allegations susceptible of that construction and that therefore the trial court erred in overruling its demurrer. The rule is correctly stated but we doubt that the construction placed upon the petition can be upheld.

The particular provision of the pleading thus challenged by the demurrer, which we requote for purposes of emphasis, reads as follows:

"Merle Wilkening was at all times hereinafter mentioned the owner of a 1946 Chevrolet truck which truck was operated on the highways of the State of Kansas pursuant to authority of Common Carrier Route No. 3022 granted by the Kansas Corporation Commission."

In connection with its position on this point Maryland insists the foregoing provision is subject to critical analysis and is to be strictly construed against plaintiffs on general demurrer because Wilkening by his motion to make more definite and certain, in which it is conceded Maryland did not join, attempted to have such provisions made more definite and certain by stating what *he* was doing at the time and place of the accident in question.

The question thus raised compels a review (See *Mead v. City of Coffeyville*, 152 Kan. 799, 107 P. 2d 711) of the propriety of the order of the trial court in overruling such motion even though, as we have heretofore indicated, that action so far as it pertained to Wilkening himself was not appealable. Its decision, in our opinion, must stand or fall upon whether the petition was properly attacked by the motion. We do not believe it was. Plaintiffs' cause of action against Wilkening did not depend upon whether the latter's truck was being operated at the time and place of the accident pursuant to a Corporation Commission certificate but upon whether his negligence at that time and place was the legal cause of such accident. Without laboring the petition it can be said, indeed no one contends to the contrary, that under its allegations a cause of action was stated against him for negligence without any amendment. Therefore, such pleading was not open to attack by him and his motion was properly overruled. It follows the petition must be construed as if no motion had been leveled against it. That under all our decisions (see *Campbell v. Kansas Power & Light Co.*, 165 Kan. 134, 193 P. 2d 177; West's Kansas Digest, Pleading, 35[1]), means that it must be given a liberal construction in favor of the pleader. When so construed we have little difficulty in concluding that even under our decision in *Lawrence v. Travelers Mutual Cas. Co.*, supra, on which it places so much reliance, the petition states a cause of action against Maryland and that the trial court did not err in overruling its demurrer. Conceding the language of the particular provision in question might have been more skillfully worded we think its

meaning is clear, *i. e.,* that at the time and on the date subsequently mentioned in the petition Wilkening was operating his truck upon the highway pursuant to his permit and that there is no merit whatsoever in Maryland's suggestion allegations with respect thereto must be regarded as mere naked conclusions.

American's demurrer is lengthy and will not be quoted at length. It is based upon two statutory grounds (1) that the petition fails to state a cause of action and (2) that such pleading shows on its face there is a misjoinder of causes of action.

Shortly stated, the over-all question it raises is whether, under the facts and circumstances set forth in the petition, the plaintiffs may maintain a direct action against it as Hensel's insurer. In the demurrer itself, also in the briefs and argument, American recognizes, concedes, and accepts the force and effect of our decisions in *Dunn v. Jones,* 143 Kan. 218, 53 P. 2d 918; *Twichell v. Hetzel,* 145 Kan. 139, 64 P. 2d 557; and *Fitzgerald v. Thompson,* 167 Kan. 87, 204 P. 2d 756, as well as numerous other decisions cited in the opinion of the latter case, which hold that where, under our statute (G. S. 1949, 66-1,128), an insurance company has executed an insurance policy to enable a public or contract carrier of property to obtain a certificate or license as such, and that policy has been filed with the Corporation Commision pursuant to the terms of such statute, a single action may be maintained against the insurer and the insured notwithstanding that ordinarily such an action against a tortfeasor and a contract obligor would be subject to an objection for misjoinder under the civil code (G. S. 1949, 60-705).

Limits of time and space preclude a detailed discussion of the intricacies of the rule to which we have referred or what is required in order to state a cause of action in conformity with its terms. For our purposes it will suffice to say those matters are outlined in a summary way in the opinion of *Fitzgerald v. Thompson,* supra, where it is said:

"The rule deducible from the above authorities is that the liability assumed by the insurer is neither a contract liability nor a statutory liability. It is a tort liability—the liability in tort which the insured has 'from the negligent operation' of his business under the permit. The fact that this tort liability is determined by the statute and by the insurance policy does not keep it from being a tort liability.

"If the petition states a cause of action in tort against the permit holder and alleges the filing and approval of the liability policy it states a cause of action against the insurer. This is the basis for the holdings of the court that

one who sustains injury in his person or property by the negligent operation under the permit of the permit holder may sue both the permit holder and the insurer, or either one of them, and the action is in tort, not in contract." (pp. 90, 91.)

Resort to the petition heretofore quoted will reveal that so far as American is concerned, plaintiffs do not bring this action under the statute (G. S. 1949, 66-1,128) involved in the foregoing cases but seek to maintain it under the provisions of G. S. 1949, 66-1305, which provide in substance that no motor vehicle transporting passengers or property for compensation entering this state, including motor vehicles not registered or licensed therein, shall be allowed to proceed from the state's port of entry into the state upon the highways thereof, until and unless it has been duly registered, inspected and a clearance certificate issued therefor. It will also be noted this same section of the statute contains a requirement with respect to insurance, similar to that to be found in G. S. 1949, 66-1,128, which provides in substance that motor vehicles, not licensed or registered in Kansas, shall not be allowed to proceed through the port of entry and into the state and upon its highways unless, among other things, such vehicle shall be covered by liability insurance with coverage for its operation within the state of not less than $5,000 for one person or less than $10,000 for all persons who may sustain injuries or be damaged in any one contingency or accident covered by such policy.

It must be kept in mind our review of the ruling on the demurrer is limited and that we cannot reach out and take into consideration matters, defensive or otherwise, which do not appear upon the face of the petition. It must also be remembered that where— as here—such a pleading has not been motioned upon matters material to the disposition of the demurrer all well pleaded allegations to be found therein must be accepted as true and given the benefit of all reasonable inferences. When that is done it is clear the petition states a cause of action against Hensel and Elsesser for negligent operation of the truck and in addition charges that at the time and place of the accident in question American, for the express purpose of enabling Hensel to get his truck within the state of Kansas and operate it upon its highways pursuant to G. S. 1949, 60-1305, had issued its liability policy whereby it had guaranteed to indemnify any one who suffered damage as a result of the negligence of Hensel in the operation of such truck.

In *Fitzgerald v. Thompson,* supra, we held that under our statute (G. S. 1949, 66-1,128) the liability of an insurer who gives a liability insurance policy to enable a public or contract carrier of property to obtain a certificate or license as such is a tort liability for the negligent operation of the insured carrier.

In the instant case the petition alleges the insurer issued its liability policy to enable Hensel, who was such a carrier, to obtain a permit which would authorize him to come into the state and operate as such over its highways. We see no sound reason why the liability of an insurer who gives a liability insurance policy to enable a public or contract carrier to obtain a certificate or license under the provisions of G. S. 1949, 66-1,128, should be any different than that of an insurer who gives such a policy to enable the same kind of a carrier to obtain a permit authorizing him to enter the state and use its highways pursuant to the provisions of G. S. 1949, 66-1305. Indeed the reasoning which warrants the conclusion in the first situation, if adhered to, compels a similar conclusion in the second. Therefore, based on *Fitzgerald v. Thompson,* supra, and the numerous other decisions cited therein, we hold that the liability of American under the allegations of the instant petition, is a tort liability for the negligent operation of its insured carrier. It follows the trial court did not err in overruling the portion of its demurrer based on grounds of misjoinder.

It is suggested the petition does not state a cause of action against American because, under our decisions, *Smith v. Republic Underwriters,* 152 Kan. 305, 103 P. 2d 858, and *Lawrence v. Travelers Mutual Cas. Co.,* supra, a failure to allege facts showing the truck in question was then being operated pursuant to a permit issued by the Corporation Commission was fatal to any right to proceed against the insurance company, which insured the truck. This suggestion has little merit. The official state board authorized to issue clearance certificates or permits under the provisions of G. S. 1949, 66-1305, is the Port of Entry Board. Other allegations of the petition being sufficient, and as heretofore set forth, a cause of action is stated if the petition alleges the truck, at the time of the accident, was being operated under the permit or certificate of clearance issued by that body. That, when construed in connection with its other allegations, is to be inferred from the instant petition to which is attached a photostatic certified copy of the clearance certificate issued by the Port of Entry Board for the particular trip in question.

In closing it should perhaps be stressed the conclusion just announced assumes the correctness of and is limited strictly to the factual averments set forth in the instant petition. We are fully aware that upon joinder of issues and a trial upon the merits the plaintiffs may be unable to sustain the cause of action set forth in their petition by adequate proof. That, of course, is a matter not presented by the instant appeal and one on which we cannot pass until the trial court has been given an opportunity to do so.

The judgment is affirmed.