No. 38,470

F. C. Shepard, *Appellee*, v. Howard Klein and Jean Klein, *Appellants*.

(239 P. 2d 930)

Opinion filed January 26, 1952.

*John Berglund, Jr.,* of Clay Center, argued the cause, and was on the briefs for the appellants.

*H. L. Sheppeard,* of Clay Center, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an action for recovery of money for professional services rendered appellants (defendants below) by appellee, the petition setting out the total bill, the amount paid thereon, and

the balance owing. Judgment was for plaintiff (appellee) in the amount of $549.60, the amount sued for, and defendants appeal.

It is conceded that the original action was filed February 14, 1950, and that issues were joined between the parties on plaintiff's third amended petition and defendants' answer and counterclaim thereto. In the petition plaintiff sets out the itemized account showing professional services and medicines furnished beginning July 29, 1943, and ending March 4, 1949, in the amount of $714.10 and showing payments made on the account by defendants on dates from August 23, 1944, to March 4, 1949, in the sum of $164.50, leaving a balance due plaintiff on that date of $549.60.

Upon the court's overruling defendants' demurrer to the petition, defendants filed an answer consisting of a general denial except that defendants admit plaintiff was a duly authorized and licensed physician but allege that part of the services and medicines were wrongfully sold and dispensed by employees of the plaintiff who were not authorized by law to so act. Defendants further admitted the payments made as listed by plaintiff on the dates mentioned in the petition, but stated that defendants did not direct plaintiff to apply said payments on the particular account sued upon, and by way of counterclaim defendants alleged they were entitled to a credit of $41.25 on said account and that plaintiff failed to so credit that amount, and asked for judgment on their counterclaim in the amount of $41.25, or so much thereof as they might be entitled to recover over and above plaintiff's claim. The case was tried on the issues joined, and the jury returned a general verdict in favor of the plaintiff.

Defendants assert error in the overruling of various motions to strike and to make definite and certain. No substantial rights of defendants were affected by the court's rulings and we have repeatedly held that motions to strike and to make definite and certain rest in the sound discretion of the trial court and rulings thereon are not appealable unless they affect a substantial right and in effect determine the action. (*Krey v. Schmidt,* 170 Kan. 86, 223 P. 2d 1015, and cases therein cited.)

Defendants next complain of the overruling of their demurrer to plaintiff's third amended petition, their motion for judgment notwithstanding the verdict, and their motion for a new trial; and predicate error thereon on the theory that plaintiff's cause of action was barred by the three-year statute of limitations, that the pay-

ments made by defendants as set forth in the petition were applied to an old account existing prior to July, 1943, and that later said payments were applied to the account sued on without defendants' consent. Nowhere in defendants' pleadings or in their evidence do they allege or show that they at any time requested plaintiff to apply payments to any particular part of the account. Rules governing the application of payments on an account have no field of operation when the payments so made have already been specifically applied by the parties or either of them, and defendants are in no position, in the absence of an agreement, to complain of plaintiff's action in applying the payments made to the open account as of the date each payment was made. (*Medical Co. v. Hamm,* 89 Kan. 138, 130 Pac. 650.) Plaintiff testified that each payment was credited on the account and the balance carried forward; the books show this and that application of payments was made by plaintiff when each payment was made rather than when any petition or amended petition was filed. Plaintiff's pleadings and evidence clearly disclose an open, running account beginning July 29, 1943, and continuing as such until March 4, 1949, and that the defendants made payments on the account on diverse dates between August 23, 1944, and March 4, 1949, in the total sum of $164.50. The record clearly discloses this was an open, running account kept by plaintiff in which he entered a connected series of debits and credits, and it was not intended the individual items should be considered separately but as a continuation of a related series. In such a situation, the following rule applies:

"Where there is an open, running, mutual account between two persons, each person does not have a separate cause of action for each separate item of the account, but only the person in whose favor there is a balance due on the account has a cause of action for such balance against the other. The statute of limitations does not run against each item separately, but only against the balance due; and it will commence to run only from the time of making the last item rightfully credited to the party against whom the balance is due. Each item thus credited to the party against whom the balance is due is a payment or part payment, not of any particular item against him, but of the balance due against him, and is, in one sense, a payment or part payment of every item rightfully charged against him in the whole account." (*Waffle v. Short,* 25 Kan. 503.)

See, also, *Bundy v. Liberty Life Ins. Co.,* 150 Kan. 658, 95 P. 2d 550. In the instant case, the statute did not begin to run on any part of the account until March 4, 1949, the date of the last payment on

the account, and this action was commenced on February 14, 1950, well within the three-year statutory period.

We have examined other specifications of error asserted by defendants and find nothing contained therein warranting a reversal of this action. We find no error, and the judgment is affirmed.