No. 38,697

LLOYD MARCHANT and NELLIE MARCHANT, *Appellants*, v.
CAROLINE M. LAYTON, *Appellee*.

(245 P. 2d 973)

Opinion
filed July 3, 1952.

*James A. Brady*, of Cherryvale, argued the cause and was on the briefs for the appellants.

*Walter L. McVey*, of Independence, argued the cause, and *Laurence McVey* and *Walter L. McVey, Jr.*, both of Independence, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action in which landowners in their first cause of action sought to obtain cancellation of an oil and gas lease and judgment quieting their title by reason of alleged failure to develop the lease in harmony with implied covenants to develop, for waste and failure to use reasonable diligence in the operation of the lease, for an injunction to prevent alleged waste and for an accounting of oil and gas removed from the land.

In the second cause of action plaintiffs sought damages for alleged wrongful removal of water from the leased premises and for loss of gas and oil due to alleged improper operation of the lease.

The defendant owner of the lease filed an answer containing a general denial of all allegations of the last amended petition except as to allegations expressly admitted. None of the allegations of the petition material to plaintiffs' recovery was admitted. In paragraph five of the amended answer defendant also alleged affirmative acts

of the plaintiffs calculated to disclose acquiescence in and approval of various acts on which plaintiffs relied for the relief sought. The action has not been tried.

We shall continue to refer to the parties as plaintiffs and defendant. Plaintiffs first specify as error the trial court's refusal to strike paragraph five of defendant's answer. The grounds of that motion are not set forth in the abstract and the ruling thereon is not included in the notice of appeal. The ruling is, therefore, not properly here for review. Moreover, a ruling on a motion to strike ordinarily is not appealable. In view of the facts stated we obviously cannot consider the first specification of error.

Plaintiffs next assert the court erred in overruling their "Special Demurrer" to the same paragraph of the answer. Defendant contends the demurrer likewise was tantamount to a motion to strike as it sought to separate paragraph five of the answer from the other portions of the answer which, among other things, contained a general denial. If considered as a motion to strike, as defendant contends it should be, the order *overruling* the special demurrer did not determine the action and did not constitute a final and appealable order prior to determination of the action on its merits. (*Whitlaw v. Insurance Co.,* 86 Kan. 826, 122 Pac. 1039; *Hendricks v. Wichita Federal Savings & Loan Ass'n,* 157 Kan. 651, 143 P. 2d 780; *Krey v. Schmidt,* 170 Kan. 86, 223 P. 2d 1015; *Billups v. American Surety Co.,* 170 Kan. 666, 670, 228 P. 2d 731.)

We, however, need not determine whether the special demurrer should be construed as being merely a motion to strike. We prefer to treat it as a special demurrer to paragraph five of the answer.

The demurrer was based on several grounds. The substance of two of the grounds was that paragraph five as a whole and the subparagraphs thereof failed to state *any* legal defense to the amended petition. It follows if such paragraph contained a defense to some of the charges in the amended petition the demurrer was properly overruled. The paragraph is quite lengthy and for present purposes need not be set out. Without deciding whether such paragraph constituted a full defense of each and every charge of the amended petition it is sufficient to say that, in addition to the affirmative facts therein alleged with respect to plaintiffs' acquiescence in and approval of certain of defendant's acts, the paragraph also contained an express denial of some of the charges relied upon for both cancellation and damages. It follows plaintiffs' demurrer thereto on the ground it alleged no defense was properly overruled.

In view of what has been said it probably is unnecessary to consider another ground of the demurrer to the same paragraph of the answer but we shall briefly notice it. This ground was that, "Paragraph five and the subparagraphs thereunder is an attempt to change and vary the terms of a written instrument [the lease] by parol evidence." Here again that contention, if sound could apply only to one of the various defenses asserted in paragraph five. The demurrer challenged all the defenses set forth in that paragraph on the ground stated and as such was not good.

Of course, in view of our limited power of review under the circumstances stated it does not follow plaintiffs have lost their right to object at the time of trial to any testimony of defendant which plaintiffs believe to be inadmissible.

The order overruling the demurrer is affirmed.