No. 39,131

MAY REEDER MEEK, WILLIAM HUGHES, MARY EGBERT, BARNARD HUGHES, BERNICE SPRY, DEAN HUGHES, PHILIP HUGHES, CHARLES HUGHES, ELVINA HUGHES, LESTER HUGHES, FRANK HUGHES, CONNARD HUGHES, BLANCH FRANCKE, HARLEY BENJAMIN VAN CLEAVE, OLIVE LOUISE WOOD, and GRACE W. DONNER, *Appellants,* v. EARL AMES, MARY JANE JEFFRESS, and CLARIBEL JEFFRESS, *Appellees.*

(266 P. 2d 270)

Opinion filed January 23, 1954.

*Roy S. Lowe* and *George A. Lowe,* both of Olathe, argued the cause, and *Roy Goins Lowe,* of Olathe, was with them on the briefs for the appellants.

*Howard E. Payne,* of Olathe, argued the cause, and *G. A. Roberds,* of Olathe, was with him on the briefs for appellee, Earl Ames.

The opinion of the court was delivered by

PARKER, J.: In this action the trial court sustained motions to strike certain allegations from the plaintiffs' petition and from their amended petition. The appeal is from those rulings.

The facts necessary to a proper understanding of the fundamental issues involved cannot be disputed. As gleaned from allegations of the amended petition in its present form they may be stated thus:

Benjamin Reeder, a resident of Johnson County, Kansas, died testate on June 12, 1914, leaving his wife, Diana, who died October 10, 1928, and four daughters, namely; May Meek, Mary Jane Hughes, Eva Powell, and Maud Reeder, who subsequently married Earl Ames.

The action involves only the property devised by the testator to Maud Reeder Ames and her children. Therefore, except to note that under identical language the testator's other daughters and their children were willed a like quantity of real estate, it can be stated that the only portion of the will with which we are concerned are clauses affecting the daughter last above named which read:

"4th. I give and devise to my daughter Maude Reed (sic) the Northeast quarter of Section Twenty-nine (29), and the Southeast quarter of Section Twenty-nine (29), all in Town Fourteen (14), Range Twenty-four (24) in Johnson County, Kansas, for the term of her natural life, only, but the last above described quarter section of land shall be taken by her subject to the life use of my wife, Diana S. Reeder and at the death of my said daughter, Maud Reeder, all the land described in this clause No. 4, shall go to and be the absolute property of her children.

"5. If at the time of the death of any of my said daughters she shall have no children living, then the estate so willed to her shall be equally divided between my other daughters, and if either of my said daughters shall have died theretofore, then the portion so willed to the deceased daughter shall go to her children in fee simple."

Sometime after the death of their father, Maud Reeder Ames and her three sisters took possession of the two quarter sections of land devised to each of them under the terms of his will. Subsequently, and probably after their mother's death although the exact date is not important, Eva Powell died leaving no children and Mary Jane Hughes died leaving children and grandchildren, who were the children of her deceased children.

Maud Reeder Ames died on May 10, 1951, leaving no issue but claiming to have an adopted child, namely, Mary Jane Jeffress Ames, under and by virtue of an adoption decree rendered by the probate court of Johnson County, Kansas, on September 7, 1937, pursuant to adoption proceedings theretofore instituted in that court.

In 1939, about two years after the date of the adoption decree the child therein named, who in the meantime had become of age, deeded the major portion of the involved real estate to Earl Ames. Some eight days after the death of Maud Reeder Ames she executed another deed wherein she purported to convey all of such real estate to the same grantee.

Following the death of Mrs. Ames, May Reeder Meek, the only surviving daughter of Benjamin Reeder and the children and grandchildren of Mary Jane Hughes, who are the plaintiffs in this action, made demand, under claim of ownership, on Earl Ames, the child named in the adoption decree (Mary Jane Jeffress Ames), and the

mother of such child (Claribel Jeffress), for possession of the involved real estate. When this demand was refused plaintiffs instituted the instant action against the three persons last above mentioned for its recovery and possession, on the theory Mrs. Ames had no children living on the date of her death and that therefore, as the remaining living daughter and children of deceased daughters of Benjamin Reeder, they were the owners of such property under and by virtue of the terms and conditions of his last will and testament.

Nothing would be gained at the moment by extended reference to the pleadings or the motions attacking them. For present purposes all that need be said is that the order sustaining the motion to strike certain allegations from the petition was made on April 21, 1952; that the order sustaining the motion to strike portions of the amended petition was made on March 3, 1953; and that the appeal from those rulings was perfected on March 26, 1953.

Before any consideration can be given to the merits of the appeal we are required to dispose of contentions advanced by appellees to the effect the rulings complained of are not subject to appellate review, hence the appeal must be dismissed.

In the main the first of these contentions is predicated upon the proposition the appeal from the ruling on the motion attacking the petition was not taken for almost a year after the order with respect thereto was entered and for that reason is too late. This contention would have merit if it were not for our statute (G. S. 1951, Supp. 60-3314a) providing that when an appeal has been timely perfected the fact that some ruling of which the appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling. As it is, the question whether the appeal from such ruling is here depends on the disposition of appellees' second contention that the order sustaining the motion to strike portions of the amended petition from which the appeal is taken is not an appealable order. If it is not appellants' first specification of error is not open to review. We therefore turn directly to that question and at the outset, mindful that there are conditions and circumstances under which such an order may be regarded as a final order for which our civil code (G. S. 1949, 60-3302; 60-3303) gives a right of appeal (see *Hendricks v. Wichita Federal Savings & Loan Ass'n*, 157 Kan. 651, 656, 143 P. 2d 780; *Atkinson v. Sowersby*, 165 Kan. 678, 683, 198 P. 2d 158), direct at-

tention to certain fundamental and well established principles governing and decisive of its decision.

One of such principles is that rulings on motions to strike, regardless whether such motions have been sustained or overruled, rest in the sound discretion of the trial court and are not appealable unless they affect a substantial right and in effect determine the action. (*Estes v. Tobin Construction Co.*, 159 Kan. 322, 153 P. 2d 939; *Bryan v. Enyart*, 161 Kan. 337, 168 P. 2d 89; *Krey v. Schmidt*, 170 Kan. 86, 223 P. 2d 1015.) For other decisions of like import see *Marchant v. Layton*, 173 Kan. 341, 342, 245 P. 2d 973; *Moffet v. Kansas City Fire & Marine Ins. Co.*, 173 Kan. 52, 55, 244 P. 2d 228; *Shepard v. Klein*, 172 Kan. 250, 251, 239 P. 2d 930; *Billups v. American Surety Co.*, 170 Kan. 666, 671, 228 P. 2d 731; *Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469. See, also, Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 20; West's Kansas Digest, Appeal & Error, §§ 78[3], 93.

. Other important principles long recognized by this court (see Hatcher's Kansas Digest [Rev. Ed.], Pleading, § 89; West's Kansas Digest, Pleading, § 67) as well as other jurisdictions (See 71 C. J. S., Pleading, 198, 965, 968 §§ 84, 462, 464) are that it is neither necessary nor proper for a petition to anticipate a defense or allege a denial or avoidance of some of the facts which may be set up in an answer as a defense to the plaintiff's cause of action; that if a petition contains allegations of that character it is not error to strike them; and that if the defense pleaded in the answer requires the denial or avoidance of facts which otherwise would have been anticipatory the proper place for allegations respecting them is in the reply.

An examination of the amended petition makes it apparent, as we have heretofore indicated, that the basic premise on which appellants found their cause of action and right to relief is that under the terms and conditions of their ancestor's will they own and are entitled to the possession of the involved real estate because Maud Reeder Ames died without "children living" within the meaning of that term as used in such will. It also discloses, that notwithstanding the ruling of the trial court on the motion to strike, the amended petition as it now stands states facts sufficient to require a construction of the will and a decision of the question whether, under the facts and circumstances set forth in such pleading, the appellants are entitled to a decree adjudging them to be the owners of the

property in question under and by virtue of the terms of that instrument. In that situation it cannot be said the allegations stricken from the amended petition as a result of the trial court's ruling were essential to appellants' cause of action or had the effect of determining the action. The result, under the decisions to which we have heretofore referred, is that appellees' contention no appeal lies from such ruling must be upheld.

A more extended examination of the amended petition, particularly the allegations stricken as the result of the trial court's ruling, merely serves to support and fortify the conclusions just announced respecting the appellate status of the ruling assigned as error. Heretofore we have not detailed the somewhat extensive allegations of the amended petition which, for the most part, were stricken on grounds such allegations were redundant, irrelevant, and immaterial to the issues of the case. Nor are we now disposed to do so. It suffices to say that practically all of the challenged allegations relate to alleged fraudulent conduct and action on the part of appellees and Maud Reeder Ames commencing with and following the adoption proceedings to which reference was made early in this opinion. Such allegations anticipate a defense to appellants' cause of action based upon the premise that Mary Jane Jeffress Ames is the adopted daughter of Maud Reeder Ames and that therefore the latter died leaving a child or "children living," within the meaning of that term as used in the last will and testament of Benjamin Reeder. It may well be, in fact we have no doubt, appellees will defend on that basis when they file their answer to the petition. Be that as it may, at the time of the trial court's ruling on the motion to strike, the challenged allegations were in the petition for the purpose of negativing possible defenses to be made in the answer and were anticipatory in character. Under such circumstances there is no sound ground for holding they were essential to the maintenance of appellants' cause of action and it should perhaps be added that, under the authorities last referred to, the trial court's action in striking them from the petition was not erroneous. We have no difficulty in concluding that on the grounds assigned by the trial court allegations respecting deeds made between Mr. and Mrs. Ames in connection with the property in question or earlier efforts on their part to adopt other children, were properly stricken from the pleading.

On the basis of what has been heretofore stated and held the appeal must be and it is hereby dismissed.