No. 40,538

MARY NAUSLEY, *Appellee*, v. HENRY NAUSLEY, *Appellant*.

(313 P. 2d 302)

Opinion filed July 3, 1957,

*Oscar M. Yount,* of Galena, argued the cause, and *Helen E. Yount,* of Galena, was with him on the briefs for the appellant.

*Fayette Rowe,* of Columbus, was on the brief for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Plaintiff commenced an ordinary replevin action against the defendant Henry Nausley in the district court of Cherokee County on December 14, 1953, by filing a petition wherein she alleged she was the owner of certain personal property, describing it, that such property was wrongfully detained from her by the defendant; that she had made demand for possession of the property, which demand had been refused; and that she was entitled to the return thereof or in case it could not be returned to judgment for its value. Defendant answered the petition on January 21, 1954, denying generally each and all of the allegations and averments of that pleading.

It appears that nothing further was done in the case until February 6, 1956, on which date defendant, having first procured permission to do so, filed a lengthy supplemental answer, consisting of twelve paragraphs and certain exhibits relating to proceedings had in the probate court of Cherokee County in connection with administration of the estate of one Harry Arthur Nausley, deceased.

No useful purpose would be served by burdening this opinion with a detailed recital of the allegations of the supplemental answer. It suffices to say that the 12th paragraph thereof contains denials similar to those made in the answer and that the remaining eleven paragraphs and exhibits all have to do with matters and things on which defendant relies in defense of the action.

Upon the filing of the supplemental answer plaintiff filed a motion to strike all allegations of that pleading except the 12th paragraph thereof. In due course this motion was sustained and in connection with its ruling the trial court made the following statement:

"Plaintiff's attorney in open court and in his motion to strike stated that plaintiff's cause of action is not based upon a claim that she is the widow of the deceased or a claim against his estate, and the petition filed by plaintiff does not indicate any such claim. If any such claim is asserted by plaintiff, then the stricken matter in the supplemental answer would be pertinent and may be reasserted as a defense."

Thereupon defendant perfected the instant appeal wherein he claims the trial court erred in sustaining the foregoing motion.

At the outset it must be remembered the universal rule of this jurisdiction is that rulings on motions to strike, regardless whether such motions have been sustained or overruled, rest in the sound discretion of the trial court and are not appealable, and of a certainty do not result in reversible error, unless they affect a substantial right and in effect determine the action.

For a few of our decisions wherein such rule is discussed and applied see *Whitlaw v. Insurance Co.*, 86 Kan. 826, 122 Pac. 1039; *Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469; *Estes v. Tobin Construction Co.*, 159 Kan. 322, 153 P. 2d 939; *Bryan v. Enyart*, 161 Kan. 337, 168 P. 2d 89; *Giltner v. Stephens*, 163 Kan. 37, 180 P. 2d 288; *Krey v. Schmidt*, 170 Kan. 86, 223 P. 2d 1015; *Beck v. Philip Billard Post*, 170 Kan. 490, 226 P. 2d 840; *Billups v. American Surety Co.*, 170 Kan. 666, 671, 228 P. 2d 731; *Shepard v. Klein*, 172 Kan. 250, 239 P. 2d 930; *Moffet v. Kansas City Fire & Marine Ins. Co.*, 173 Kan. 52, 244 P. 2d 228; *Marchant v. Layton*, 173 Kan. 341, 245 P. 2d 973; *Meek v. Ames*, 175 Kan. 564, 266 P. 2d 270; *Boettcher v. Criscione*, 180 Kan. 39, 299 P. 2d 806.

Reference to West's Kansas Digest, Appeal & Error, §§ 78(3), 93, 103, Pleading, §§ 353, 363, 367(6); Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 20, Pleading, § 80, will disclose numerous other decisions of like import.

Another rule, less known because it applies to a particular type of action but nevertheless well-established, is that under a general denial in replevin the defendant may make any defense whatever that will defeat the plaintiff's claim. (See *Rodgers v. Crum*, 168 Kan. 668, 671, 215 P. 2d 190; *Street v. Morgan*, 64 Kan. 85, 67 Pac. 448; *Bank v. Shore*, 87 Kan. 140, 123 Pac. 880; West's Kansas Digest, Replevin, § 69[4]; Hatcher's Kansas Digest [Rev. Ed.], Replevin, §§ 29, 31.)

Mindful of the rule last stated and that the trial court in ruling on the motion recognized and stated that the matters stricken from the appellant's supplemental answer could be reasserted and established as defenses to the petition in the event they became pertinent to a decision of the cause we have little difficulty in concluding that the trial court's ruling on the motion to strike did not have the effect of depriving appellant of any defense that he might have which would in law defeat the appellee's claim. In other words, such ruling did not affect a substantial right and in effect determine the action. It follows there is sound ground for applica-

tion of the rule heretofore first stated. Even so we are not disposed to determine this case in such summary fashion.

Long ago in *Auld v. Kimberlin,* 7 Kan. 601, which has never been disapproved and throughout the years has remained the law of our state, this court put to rest the all decisive question raised by this appeal when it held:

"It is not error to strike from an answer averments that could be proven under the general denial, which was one ground of defense set up in the answer." (Syl. ¶ 3.)

Moreover it is committed to the rule that an order striking out parts of an answer but which leaves it sufficient to present all proper defenses is not prejudicially erroneous. (See *Stroupe v. Hewitt,* 90 Kan. 200, 133 Pac. 562 and *Davies v. Lutz,* 107 Kan. 199, 200, 191 Pac. 485.)

Based on the foregoing decisions and what has been heretofore stated we are impelled to hold the trial court committed no reversible error in sustaining the appellee's motion to strike.

The judgment is affirmed.